■ In the Matter of DONALD L. BOURRET, Petitioner, v EDWARD REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits. Petitioner, a senior transportation survey supervisor in the State Department of Transportation, was voluntarily assisting

a co-worker from a regional office in loading traffic survey material, being loaded to that office, onto a truck. In the course of the loading, a rectangular hinged sign frame slipped and, as petitioner reached to grab it, he injured his arm; the injury, was such that he has since been unable to work. His application for ordinary disability retirement has been granted. However, accidental disability retirement benefits were denied to him because he had not sustained an injury as a result of an "accident" within the meaning of section 63 (subd a, par 2) of the Retirement and Social Security Law. A determination by the Comptroller that an event is not an accident within the meaning of the Retirement and Social Security Law must be upheld if it is supported by substantial evidence. Although loading vehicles was not an activity specifically identified in the written job description of petitioner's position, the Comptroller rationally concluded that it was included among petitioner's overall duties; indeed, petitioner had previously performed this task on several occasions. The Comptroller's further conclusion, that an item being loaded upon a truck may slip while it is being handled is a risk inherent in the loading process, is eminently rational (*Matter of Cavarretta v Regan,* 86 AD2d 706). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.