■ In the Matter of LAWRENCE M. BOTTINO, Appellant, v JOHN J. MURPHY, as Executive Director of the New York City Employees' Retirement System, et al., Respondents. [619 NYS2d 11] —Judgment, Supreme Court, New York County (Joan Lobis, J.), entered on or about May 18, 1993, which dismissed this CPLR article 78 petition seeking to set aside the determination of respondent Board of Trustees of the New York City Employees' Retirement System denying petitioner's application for accident disability retirement, unanimously affirmed, without costs.

The IAS Court properly concluded that the Board's determination was rationally based. "The nature of the occurrence [that caused the injury] was reasonably within the risk of the work performed and, as such, it cannot be construed as a sudden and unexpected event, which is a prerequisite to a grant of accident disability pension benefits" (Matter of Ortiz v New York City Employees' Retirement Sys., 173 AD2d 237, 238, lv denied 78 NY2d 864).

Here, it is not disputed that kicking open a locked door to execute an investigative warrant was a part of petitioner's

routine duties as a Detective Investigator in the Bronx County District Attorney's Office and the incident was not the kind of sudden and unexpected event that constitutes an accident *(Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010). Rather, the occurrence was reasonably within the risk of the work performed.

We have considered petitioner's other arguments and find them to be without merit. Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.