■ In the Matter of TERENCE McLAUGHLIN, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [677 NYS2d 406] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which, inter alia, denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, allegedly injured his knee when he slipped on loose gravel and stones while responding to a call of underage drinking at the railroad tracks. Petitioner's ap-

plication for accidental disability retirement benefits was denied on the ground that the injury resulted from petitioner's own misstep and did not constitute an "accident" within the meaning of the Retirement and Social Security Law. The record reveals that petitioner had been at the site numerous times before in the course of his duties for similar calls and was familiar with the terrain. Furthermore, petitioner already had taken several steps away from his vehicle before he slipped. In view of the foregoing, we conclude that substantial evidence supports the determination of respondent Comptroller that petitioner's injury did not result from a sudden or unexpected event (*see, Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010; *Matter of Minchak v McCall*, 246 AD2d 952).

Mikoll, J. P., Mercure, Crew III, White and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.