■ In the Matter of TERENCE DEAN, Petitioner, v H. CARL MCCALL, as Comptroller of the State of New York, et al., Respondents. [705 NYS2d 412] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a correction officer, allegedly sustained a lower back injury while running with a group of inmates engaged in physical training. Following a hearing, respondent Comptroller denied petitioner's applications for accidental and performance of duty disability retirement benefits. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination.

Initially, we find that substantial evidence supports the determination of the Comptroller that petitioner was not entitled to accidental disability retirement benefits because his injury did not result from an "accident" within the meaning of the Retirement and Social Security Law. In his applications, petitioner stated that he slipped on blacktop during physical training. At the hearing, he indicated that the injury occurred when he lost his footing in an area comprised of half blacktop and half dirt while attempting to correct a break in the running formation followed by the inmates. Additionally, while he testified that the blacktop was under construction and damp from rain, he stated that it was not uncommon for the physical training to be conducted over difficult terrain. Under all the circumstances, the Comptroller could rationally conclude that petitioner's injury occurred as the result of his misstep during physical exertion undertaken in the performance of his regular employment duties rather than a sudden, fortuitous and unexpected event (*see, Matter of Tuper v McCall*, 259 AD2d 941;

*Matter of Kalis v McCall*, 257 AD2d 838; *Matter of McLaughlin v McCall*, 253 AD2d 940).

Furthermore, the proof presented provides substantial evidence supporting the Comptroller's determination that petitioner was not entitled to performance of duty disability retirement benefits under Retirement and Social Security Law § 507-b because his injury was not proximately caused by the act of an inmate. We have considered petitioner's due process claim and find it unpreserved for our review inasmuch as it was not raised in the petition (*see, Matter of Kavakos v McCall*, 251 AD2d 857, *lv denied* 92 NY2d 812).

Mercure, Crew III, Peters and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.