■ In the Matter of KEITH G. O'BRIEN, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [784 NYS2d 701]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental disability retirement benefits.

Petitioner, a police officer, filed two applications for accidental disability retirement benefits. The first application alleged that petitioner injured his right knee in October 1997 after a fleeing suspect ran into him during a police chase. The second application sought benefits based upon a claim that petitioner's injured knee had given out on a stairway in December 1997, causing him to fall and sustain additional injuries. Following a hearing, the initial disapproval of both applications was upheld by the Hearing Officer on the ground that neither incident constituted

an accident within the meaning of Retirement and Social Security Law § 363. The denials were upheld by respondent Comptroller, prompting petitioner to commence this CPLR article 78 proceeding.

Initially, we note that petitioner has abandoned any challenge to that part of the Comptroller's determination dealing with the October 1997 incident, having failed to address that issue in his appellate brief (*see Matter of Kalis v McCall*, 257 AD2d 838, 839 n [1999]). Addressing the remaining claim, we conclude that substantial evidence supports the Comptroller's determination that the December 1997 incident did not constitute an accident as defined by the Retirement and Social Security Law.

Significantly, an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties (*see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y.*, 57 NY2d 1010, 1012 [1982]; *Matter of Woodward v McCall*, 300 AD2d 978, 979 [2002]; *Matter of Cadiz v McCall*, 236 AD2d 766 [1997]). At the hearing, petitioner testified that he had been inspecting an abandoned building in furtherance of a potential relocation by his police unit when his right knee "wobbled," causing him to slip and fall down a flight of stairs. Petitioner further stated that the same knee had given way on other occasions between his October 1997 injury and the subject incident, prompting him to seek medical attention. In light of these facts, we perceive no basis to disturb the Comptroller's ruling that petitioner's fall, while carrying out the routine duties of his employment, was a foreseeable, expected consequence of a condition of which petitioner was aware and, therefore, did not constitute an accident (*see Matter of Woodward v McCall, supra* at 979; *Matter of Arcuri v New York State & Local Retirement Sys.*, 291 AD2d 621, 622 [2002]; *see also Matter of Hopp v Kelly*, 4 AD3d 176 [2004]).

Mercure, Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.