In the Matter of MICHAEL J. BROWN, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [796 NYS2d 733]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police sergeant, was injured after the collapse of a ladder he was using to install a heavy bag in the police department's new garage. His subsequent application for accidental disability retirement benefits was initially denied. After a hearing, a Hearing Officer denied the application on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Respondent adopted the Hearing Officer's findings and determination, and this proceeding ensued.

"It is well settled that 'an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties' " (*Matter of Marsala v New York State & Local Employees' Retirement Sys.*, 14 AD3d 984, 985 [2005], *lv denied* 4 NY3d 709 [2005], quoting *Matter of O'Brien v Hevesi*, 12 AD3d 895, 896 [2004]; *see Matter of Mirrer v Hevesi*, 4 AD3d 722, 723 [2004]). Here, the uncontroverted proof demonstrates that the installation of the ceiling hook for the heavy bag—done at the request of the police chief—was not one of petitioner's ordinary and routine police duties. This type of work—drilling holes in metal rafters—is more appropriately performed by individuals with training in placing ladders and working at elevations, such as contractors or building maintenance workers. Under these circumstances, the incident was a sudden, unexpected mischance, constituting an accident under Retirement and Social Security Law § 363 (*see Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568 [1984]; *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]).

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.