■ In the Matter of PAUL T. GRUTZNER, Petitioner, v KEVIN F. MURRAY, as Deputy Comptroller of the State of New York, Respondent. [889 NYS2d 739]—

Petitioner had been employed as a police officer for approximately 40 years when he retired from his position as a detective sergeant for the Westchester County Department of Public Safety in 2003. He submitted an application for accidental disability retirement benefits 10 months later, asserting that he was permanently disabled due to work-related injuries sustained as the result of three incidents occurring in 1963, 1982 and 1986. After his application was disapproved, petitioner requested a redetermination and a hearing was held. Following the hearing, a Hearing Officer determined that none of the incidents constituted an accident within the meaning of Retirement and Social Security Law § 363 and denied petitioner's application. Respondent adopted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

We confirm. A petitioner bears the burden of proving that his or her injuries were accidental (*see Matter of O'Brien v New York State Comptroller*, 56 AD3d 937, 938 [2008], *lv denied* 12 NY3d 708 [2009]), that is, the result of a "sudden, fortuitous mischance, unexpected [and] out of the ordinary" (*Matter of Starnella v Bratton*, 92 NY2d 836, 838 [1998] [internal quotation marks and citations omitted]). To that end, "[a]n accident will not be found when the event precipitating the injury is a risk of the applicant's ordinary employment duties" (*Matter of Coon v New York State Comptroller*, 30 AD3d 884, 885 [2006], *lv denied* 7 NY3d 717 [2006]). Here, petitioner testified that he was performing the normally expected duties of a police officer when each of the incidents resulting in his injuries occurred. In 1963, petitioner was attempting to ascend the back stairwell of a delicatessen—investigating a possible burglary in progress—when he fell after placing his knee on the third stair (because the first two stairs were missing). He was aware that the stairs were damaged prior to climbing them and could not recall whether he simply lost his footing. Accordingly, respondent could rationally conclude that petitioner's fall was the result of his own misstep and not caused by an unexpected event (*see Matter of Batista v New York State Comptroller*, 56 AD3d 927, 928-929 [2008], *lv denied* 12 NY3d 708 [2009]).

In 1982, petitioner was riding a motorized dirt bike as part of a parkland motorcycle security detail and fell when the bike

"kicked-out" while descending a hill strewn with rocks and gravel. Petitioner elected to traverse that route because he "had done so many times before" and it "was the easiest way." Petitioner, an accomplished motorcycle rider, had ridden down the hill approximately three times earlier that day and the vehicle was designed to travel over dirt, rocks and gravel. He was unable to explain why the incident occurred. Under these circumstances, respondent reasonably concluded that the incident resulted from an activity undertaken in the performance of ordinary employment duties (*see Matter of Kenny v DiNapoli*, 50 AD3d 1445, 1445-1446 [2008], *affd* 11 NY3d 873 [2008]; *Matter of McLaughlin v McCall*, 253 AD2d 940, 940 [1998]). Similarly, in 1986, petitioner was injured after attempting to kick open a locked door while executing an arrest warrant. Given that he had done so 150 to 200 times before, "the incident was not the kind of sudden and unexpected event that constitutes an accident" (*Matter of Bottino v Murphy*, 209 AD2d 335, 336 [1994]). In view of the foregoing, we conclude that respondent's determination is supported by substantial evidence and perceive no basis on which to disturb it.

Mercure, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.