■ In the Matter of PATRICK SORRENTINO, Petitioner, v THOMAS DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [905 NYS2d 301]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a deputy police chief for the City of Newburgh Police Department, submitted an application for performance of duty disability retirement benefits, as well as an application for accidental disability retirement benefits, in which he alleged that he was injured in two incidents—an incident in March 2000 in which he fell on stairs as he was carrying two five-

gallon water jugs and an incident in January 2002 in which he injured his shoulder when a box of files he lifted broke. After his applications were initially disapproved, it was administratively determined that petitioner was permanently incapacitated and his application for performance of duty disability retirement benefits was approved. He then requested a rehearing and redetermination on his application for accidental disability retirement benefit. Following a hearing, a Hearing Officer determined that neither of the incidents were accidents within the meaning of the Retirement and Social Security Law and denied the application. Respondent Comptroller accepted the Hearing Officer's determination and this CPLR article 78 proceeding ensued.

We confirm. It was petitioner's burden to establish that his injuries were accidental and the Comptroller's determination in that regard will be sustained where, as here, it is supported by substantial evidence in the record (*see Matter of Napoli v DiNapoli*, 68 AD3d 1616, 1616 [2009]). Within the meaning of the Retirement and Social Security Law, an accident is "a sudden, fortuitous mischance" and the Court of Appeals has "indicated that an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]). Here, with respect to the March 2000 incident, the record contains substantial evidence from which the Comptroller could find that petitioner was familiar with the condition of the stairs on which he fell and that the incident was the result of a misstep by petitioner rather than an unexpected event or defective condition (*see id.* at 875; *compare Matter of Balduzzi v McCall*, 220 AD2d 796 [1995]). Any discrepancy between petitioner's hearing testimony and the written documentation regarding the condition of the stairs or the cause of petitioner's fall presented a credibility issue for the Hearing Officer to resolve (*see Matter of Confreda v New York State Comptroller*, 56 AD3d 938, 939 [2008], *lv denied* 12 NY3d 708 [2009]).

The record also contains substantial evidence from which the Comptroller could determine that the January 2002 incident was not an accident because petitioner's injury occurred during the course of his employment and resulted from a risk inherent in the work that he was voluntarily performing (*see Matter of Bourret v Regan*, 97 AD2d 933, 934 [1983]; *Matter of Tremblay v Levitt*, 65 AD2d 901, 901-902 [1978]; *compare Matter of Brown*

*v Hevesi*, 19 AD3d 858 [2005]). Although a different result would not necessarily be unreasonable, the Comptroller is vested with exclusive authority to determine applications for accidental disability retirement benefits and we perceive no basis upon which to disturb the determination at issue here (*see Matter of Welsh v New York State Comptroller*, 67 AD3d 1167, 1168-1169 [2009], *lv denied* 14 NY3d 706 [2010]).

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.