■ In the Matter of MATTHEW CRISERA, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [913 NYS2d 430]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, was dispatched to the residence of a "possibly intoxicated" 32-year-old female. Upon arrival, petitioner ascertained that the woman had ingested mouthwash and called for an ambulance. As the two were walking into the woman's living room to wait for the ambulance, the woman lost her balance and fell backward into petitioner. Petitioner injured his wrist while attempting to catch the woman and thereafter applied for accidental disability retirement benefits arising out of the incident. Respondent Comptroller ultimately denied petitioner's application on the basis that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. This CPLR article 78 proceeding ensued.

We confirm. "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *accord Matter of Rolon v DiNapoli*, 67 AD3d 1298, 1299 [2009]). Here, petitioner acknowledged that it was his duty as a police officer to respond to calls involving intoxicated persons.* Indeed, he indicated that he regularly dealt with such individuals and was aware that they sometimes lose their balance. Accordingly, substantial evidence supports the Comptroller's determination

* We note that petitioner testified that the woman did not appear intoxicated. However, a report prepared on the day of the incident, as well as petitioner's own application for accidental disability retirement benefits, indicate that petitioner was injured while assisting an intoxicated subject. Such inconsistencies presented a credibility issue for the Comptroller to resolve (*see Matter of Confreda v New York State Comptroller*, 56 AD3d 938, 939-940 [2008], *lv denied* 12 NY3d 708 [2009]; *Matter of Walters v Hevesi*, 23 AD3d 982, 983 [2005]).

that petitioner's injury occurred while he was performing a routine task inherent in his regular employment duties (*see Matter of Grutzner v Murray*, 68 AD3d 1231, 1232-1233 [2009]; *Matter of Wise v New York State Comptroller*, 38 AD3d 1032, 1033-1034 [2007], *lv denied* 9 NY3d 811 [2007]; *Matter of Pugliese v New York State & Local Empls. Retirement Sys.*, 161 AD2d 1095, 1095 [1990]).

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.