■ In the Matter of WILLIAM HENRY, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [918 NYS2d 687]—

Malone Jr., J.

In April 2006 petitioner, a police officer, and his partner responded to a residential domestic violence call. Two other officers also accompanied petitioner and his partner to the scene to provide backup. Upon entering the residence, the male subject struck the two backup officers and shoved petitioner's partner onto a small table. As his partner held onto the subject, petitioner handcuffed the individual. When petitioner turned away to comfort a small child who was present in the residence, the table upon which petitioner's partner was sprawled collapsed, pulling the partner, the subject and petitioner to the floor.

In July 2007, petitioner applied for accidental disability retirement benefits, alleging a debilitating injury to his right shoulder as a result of the April 2006 incident. Respondent New York State and Local Police and Fire Retirement System denied the application, finding that the foregoing incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Following a hearing, a Hearing Officer reached the same conclusion and denied petitioner's application. Respondent Comptroller upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.

We confirm. Petitioner bore the burden of establishing that his injuries were accidental, and the Comptroller's determination in this regard, if supported by substantial evidence in the record as a whole, will be upheld (*see Matter of Sorrentino v*

*DiNapoli*, 74 AD3d 1694, 1695 [2010]; *Matter of Benedetto v DiNapoli*, 73 AD3d 1380, 1381 [2010], *lv denied* 15 NY3d 707 [2010]). To that end, "when a petitioner sustains an injury in the course of performing ordinary employment duties . . . , it is not an accidental injury" (*Matter of Stymiloski v DiNapoli*, 64 AD3d 865, 866 [2009] [internal quotation marks and citation omitted]). Stated another way, "[t]he precipitating event must emanate from a risk that is not an inherent element of the petitioner's regular employment duties" (*Matter of Wise v New York State Comptroller*, 38 AD3d 1032, 1033-1034 [2007], *lv denied* 9 NY3d 811 [2007] [internal quotation marks and citation omitted]).

Here, petitioner testified, and his job description reflects, that responding to domestic violence calls and restraining unruly subjects were part of his routine employment duties. To the extent that petitioner argues that his injury stemmed not from the performance of his routine employment duties but, rather, from an unexpected event, i.e., the table collapsing beneath his partner, which occurred after his routine employment duties had concluded, the record fails to support this claim. Petitioner, his partner and one of the backup officers all testified that the table collapsed within seconds of petitioner placing the subject in handcuffs and, further, it occurred while petitioner, his partner and the subject were all still present in the confined space where the table was located. Under these circumstances, we cannot say that the Comptroller erred in denying petitioner's application (*see Matter of Crisera v New York State Comptroller*, 79 AD3d 1573 [2010]; *Matter of Welsh v New York State Comptroller*, 67 AD3d 1167 [2009], *lv denied* 14 NY3d 706 [2010]; *Matter of Hughes v Hevesi*, 56 AD3d 934 [2008], *lv denied* 12 NY3d 711 [2009]; *Matter of Wise v New York State Comptroller*, *supra*).

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.