In the Matter of DONNA NEIDECKER, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [919 NYS2d 557]—

Peters, J.

Petitioner, a police officer, submitted an application for accidental disability retirement benefits in which she alleged that she was permanently disabled due to injuries sustained in work-related incidents in 2002, 2006 and 2007. Her application was disapproved and she requested a hearing and redetermination, following which a Hearing Officer determined that none of the incidents constituted an accident as defined in Retirement and Social Security Law § 363. Respondent Comptroller adopted the Hearing Officer's findings, and this CPLR article 78 proceeding ensued.

As substantial evidence supports the Comptroller's determination, we confirm. For purposes "of the Retirement and Social Security Law, an accident is 'a sudden, fortuitous mischance' and the Court of Appeals has 'indicated that an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties,

considered in view of the particular employment in question, is not an accidental injury' " (*Matter of Sorrentino v DiNapoli*, 74 AD3d 1694, 1695 [2010], quoting *Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008]; *see Matter of Hulse v DiNapoli*, 70 AD3d 1235, 1236 [2010]). Petitioner's 2002 injury arose when she became ensnarled by vegetation while chasing two suspects and fell. Her duties included the pursuit of suspects, however, and stumbling on obstacles while doing so was an inherent risk of her "employment and not the result of unexpected events" (*Matter of Melendez v New York State Comptroller*, 54 AD3d 1128, 1129 [2008], *lv denied* 12 NY3d 706 [2009]).

Petitioner's 2006 injury arose from a fall occurring when she stepped into a small depression in a baseball field while attempting to reach an injured boy and administer first aid. As with the 2002 injury, that risk was encompassed by her normal employment duties, and the Comptroller could properly conclude that it did not constitute an accident, even if petitioner was unaware of the depression's existence (*see Matter of Coon v New York State Comptroller*, 30 AD3d 884, 885 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Wilson v Regan*, 98 AD2d 929 [1983]).

The final incident relied upon by petitioner occurred in 2007, when she slipped and fell on an icy sidewalk while attempting to reach her patrol car. The Comptroller appropriately determined that she should have anticipated the icy surface given her awareness of a recent ice storm and that, as a result, her fall arose from her own misstep and not an unexpected event (*see Matter of Kenny v DiNapoli*, 11 NY3d at 874-875; *Matter of Kazmierczak v McCall*, 252 AD2d 728, 729 [1998], *lv denied* 92 NY2d 813 [1998]).

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.