◼ In the Matter of KEVIN MURRAY, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [924 NYS2d 192]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a police officer, allegedly sustained various injuries to his left hip and lower back following a December 1998 incident wherein he fell while pursuing a fleeing suspect down a dimly lit street. Following a period of disability, he returned to work in a restricted duty capacity until September 2005, when he experienced a jolt of pain to his lower back while stepping out of the shower. In December 2005, petitioner applied for accidental and performance of duty disability retirement benefits alleging that he was permanently incapacitated as the result of the December 1998 incident. Those applications were separately denied upon the grounds that the December 1998 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and petitioner was not permanently incapacitated from the performance of his duties. Following a hearing and redetermination, a Hearing Officer reached the same conclusions. Respondent Comptroller upheld the Hearing Officer's denial of petitioner's respective applications, and petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to challenge that determination.

Preliminarily, we reject petitioner's assertion that the Comptroller improperly relied upon the written reports of Leon Sultan, the orthopedic surgeon who evaluated petitioner on behalf of respondent New York State and Local Police and Fire Retirement System but did not testify at the hearings. Petitioner was well aware that the Retirement System was considering submitting Sultan's reports in lieu of testimony and raised no objection in this regard until his posthearing memorandum of

law; even then petitioner only objected on the ground that the record lacked proof that Sultan qualified as an expert. Having failed to raise a timely objection to the admission of Sultan's reports or otherwise request to call Sultan as a witness, petitioner waived any objection to Sultan's credentials and the admissibility of the reports, as well as any claim that he was deprived of the opportunity to cross-examine Sultan (*see Matter of Meluch v New York State & Local Police & Fire Retirement Sys.*, 80 AD3d 976 [2011]; *Matter of Fochi v New York State Comptroller*, 78 AD3d 1460, 1461 [2010], *lv denied* 16 NY3d 707 [2011]).

Turning to petitioner's respective applications, "an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of Hardy v DiNapoli*, 82 AD3d 1490, 1490 [2011] [internal quotation marks and citations omitted]; *see Matter of Henry v DiNapoli*, 82 AD3d 1446, 1447 [2011]; *Matter of Crisera v New York State Comptroller*, 79 AD3d 1573 [2010], *lv denied* 16 NY3d 712 [2011]). The pursuit of a fleeing suspect plainly qualifies as an ordinary employment duty of a police officer (*see Matter of Melendez v New York State Comptroller*, 54 AD3d 1128, 1129 [2008], *lv denied* 12 NY3d 706 [2009]), and petitioner acknowledged that he had chased suspects in the dark before and was expected to do so under any type of weather or road conditions. Under these circumstances, substantial evidence supports the Comptroller's determination that petitioner's injury was a risk inherent in the performance of his ordinary employment duties and, therefore, the December 1998 incident did not qualify as an accident (*see Matter of Neidecker v DiNapoli*, 82 AD3d 1483, 1484 [2011]; *Matter of Crisera v New York State Comptroller*, 79 AD3d at 1573-1574; *Matter of Melendez v New York State Comptroller*, 54 AD3d at 1129-1130; *Matter of Fischer v New York State Comptroller*, 46 AD3d 1006 [2007]).

As to petitioner's application for performance of duty disability retirement benefits, the parties acknowledge that the relevant inquiry is whether petitioner, having served in a restricted duty capacity since 1999, is permanently incapacitated from the performance of those limited—and essentially clerical—duties (*see Matter of Keil v New York State Comptroller*, 66 AD3d 1317, 1318 [2009]; *Matter of Riguzzi v Hevesi*, 16 AD3d 822, 823 [2005]; 2 NYCRR 364.3 [b]). Although the record contains conflicting proof on this point, the Comptroller "is vested with the exclusive authority to weigh such evidence and credit the

opinion of one medical expert over another" (*Matter of Girsh v DiNapoli*, 79 AD3d 1444, 1445 [2010] [internal quotation marks and citation omitted]; *see Matter of Brady v DiNapoli*, 77 AD3d 1041, 1042 [2010]). Inasmuch as substantial evidence supports the Comptroller's finding that petitioner is not permanently incapacitated from performing his restricted assignment, the underlying determination is confirmed (*see Matter of Riguzzi v DiNapoli*, 82 AD3d 1484, 1485 [2011]).

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.