■ In the Matter of JOHN J. SWEENEY, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [927 NYS2d 483]—

Lahtinen, J.

Petitioner, a police officer, injured his ankle when he slipped and fell on an icy patch while responding to a burglar alarm in January 2007. He submitted an application for accidental disability retirement benefits, which was denied. After a hearing, the Hearing Officer denied the application finding that the incident did not constitute an accident. Respondent Comptroller upheld the denial and this CPLR article 78 proceeding ensued.

Petitioner bears the burden of proving that his injury was an accident, and the Comptroller's determination will be upheld if supported by substantial evidence (*see Matter of Kempkes v DiNapoli,* 81 AD3d 1071, 1072 [2011]; *Matter of Confreda v New York State Comptroller,* 56 AD3d 938, 939 [2008], *lv denied* 12 NY3d 708 [2009]). "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 57 NY2d 1010, 1012 [1982]; *accord Matter of Kenny v DiNapoli,* 11 NY3d 873, 874 [2008]). When carrying out some police duties, an officer on foot may encounter, as part of the work being performed, a vast array of conditions, many of which are not easily traversed and can cause a fall. Encountering such conditions while actively engaged in police duties often is not an unexpected event, and the Comptroller may find a fall caused thereby

to be an inherent risk of the job (*see Matter of Murray v New York State Comptroller*, 84 AD3d 1681, 1682 [2011] [falling as chasing suspect on dimly lit street]; *Matter of Neidecker v DiNapoli*, 82 AD3d 1483, 1484 [2011] [tripping on vegetation while chasing after suspect and also stepping in small depression in field when going to give first aid at baseball field]; *Matter of Quigley v Hevesi*, 48 AD3d 1023, 1024 [2008] [stepping on uneven or cracked pavement during traffic stop]; *Matter of McCabe v Hevesi*, 38 AD3d 1035, 1035-1036 [2007] [stumbling on defective landing/stairs when at residence investigating possible intruder]; *see also Matter of Coon v New York State Comptroller*, 30 AD3d 884, 885 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Lucian v McCall*, 7 AD3d 905, 906 [2004]; *Matter of Penkalski v McCall*, 292 AD2d 735, 736 [2002]).

Here, petitioner responded to the scene of a possible burglary in progress at a residence. His attention was focused on a *potential* suspect in the house when, as he moved across outside steps, he reportedly slipped on a patch of ice and fell. Under such circumstances, substantial evidence supports the Comptroller's determination that petitioner did not adequately establish that his fall was an accident within the meaning of Retirement and Social Security Law § 363.

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.