Kavanagh, J.
Petitioner, a police sergeant charged with supervising large-scale narcotics investigations, applied for accidental disability retirement benefits claiming that he is permanently incapacitated as the result of a work-related injury to his right wrist that occurred on the evening of September 13, 2007. Specifically, petitioner claimed that, while he and two fellow officers were looking for a discreet location from which they could observe a controlled drug buy, he exited an unmarked police car onto a dimly lit street and tripped over a loose piece of concrete causing him to fall onto a partially-constructed sidewalk. After his application was initially disapproved, petitioner requested a redetermination, and a hearing was held. The Hearing Officer subsequently determined that the incident qualified as an accident within the meaning of Retirement and Social Security Law § 363. Upon review, respondent Comptroller reversed that *1092 determination and denied petitioner’s application, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. The Comptroller’s determination that petitioner’s injury was not caused by an accident within the meaning of the Retirement and Social Security Law will be upheld if supported by substantial evidence (see Matter of Purcell v DiNapoli, 81 AD3d 1069, 1070 [2011]; Matter of Carducci v DiNapoli, 77 AD3d 1052, 1052 [2010]). “Significantly, an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties” (Matter of O’Brien v Hevesi, 12 AD3d 895, 896 [2004], lv dismissed 5 NY3d 749 [2005] [citations omitted]; accord Matter of Murray v New York State Comptroller, 84 AD3d 1681, 1682 [2011]; Matter of Hardy v DiNapoli, 82 AD3d 1490, 1490 [2011]). Rather, “[t]he precipitating event must emanate from a risk that is not an inherent element of the petitioner’s regular employment duties” (Matter of Amadio v McCall, 2 AD3d 1131, 1132 [2003]; accord Matter of Henry v DiNapoli, 82 AD3d 1446, 1447 [2011]).
Here, petitioner testified that finding locations that can be used as observation sites in narcotics investigations is a routine chore he performs as a police officer and, given the nature of the investigation, is something that must be done “under the cover of darkness.” The risk that one could fall over an unseen obstacle while conducting such a search is inherent in petitioner’s performance of his official responsibilities and, therefore, the Comptroller’s determination that this was not an accident within the meaning of the Retirement and Social Security Law is supported by substantial evidence (see Matter of Sweeney v New York State Comptroller, 86 AD3d 893, 893-894 [2011]; Matter of Murray v New York State Comptroller, 84 AD3d at 1682; Matter of Neidecker v DiNapoli, 82 AD3d 1483, 1484 [2011]; Matter of Fischer v New York State Comptroller, 46 AD3d 1006, 1006 [2007]).
Mercure, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.