■ In the Matter of KENNETH CARRELLA, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [951 NYS2d 592]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

During his employment as a firefighter, petitioner was dispatched to assist a man who had collapsed in his bathroom. While tending to the victim, petitioner apparently slipped on urine on the bathroom floor, which caused the victim's body to fall on petitioner's right leg, injuring his knee. Petitioner's application for accidental disability retirement benefits was denied on the ground that the incident was not an accident within the meaning of Retirement and Social Security Law § 363. Follow-

ing a hearing, a Hearing Officer denied the application on the same ground, and respondent accepted that determination, prompting petitioner to commence this proceeding.

We confirm. Petitioner acknowledged that by assisting the victim he was performing his ordinary duties as a firefighter. "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" within the meaning of Retirement and Social Security Law § 363 (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *see Matter of Sweeney v New York State Comptroller*, 86 AD3d 893, 893 [2011]). Encountering a wet surface while assisting a victim who has collapsed on a bathroom floor is not an unexpected event, even if petitioner was unaware of the particular liquid that caused him to slip. Accordingly, under these circumstances, substantial evidence supports respondent's determination that petitioner's injury resulted from a risk inherent in the performance of his ordinary duties (*see Matter of Murray v New York State Comptroller*, 84 AD3d 1681, 1682 [2011]; *Matter of Coon v New York State Comptroller*, 30 AD3d 884, 885 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Lucian v McCall*, 7 AD3d 905, 906 [2004]).

Rose, J.P., Spain, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.