██ In the Matter of JOHN J. SIKORYAK, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [961 NYS2d 601]—

Rose, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, applied for accidental disability retirement benefits alleging that he is permanently disabled due to an injury to his right shoulder that he sustained in an employment-related incident occurring on March 27, 2009. Petitioner's application was initially denied and he sought a hearing and redetermination. Following the hearing, the Hearing Officer denied the application, finding that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent accepted the decision of the Hearing Officer and petitioner commenced this proceeding pursuant to CPLR article 78 challenging that determination.

We confirm. "Petitioner bears the burden of proving that his injury was accidental, and respondent's determination will be upheld if supported by substantial evidence" (*Matter of Lenci v DiNapoli*, 92 AD3d 1078, 1078 [2012] [citations omitted]; *see Matter of Murphy v New York State Comptroller*, 92 AD3d 1022, 1022 [2012]). Notably, "an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of O'Brien v Hevesi*, 12 AD3d 895, 896 [2004], *lv dismissed* 5 NY3d 749 [2005]; *see Matter of Canner v New York State Comptroller*, 97 AD3d 1091, 1092 [2012], *lv denied* 20 NY3d 851 [2012]; *Matter of Murray v New York State Comptroller*, 84 AD3d 1681, 1682 [2011]). "Rather, [t]he

precipitating event must emanate from a risk that is not an inherent element of the petitioner's regular employment duties" (*Matter of Canner v New York State Comptroller*, 97 AD3d at 1092 [internal quotation marks and citation omitted]; *accord Matter of Henry v DiNapoli*, 82 AD3d 1446, 1447 [2011]).

Here, petitioner testified that, at approximately 9:15 a.m. on the date of the incident, he and his partner responded to a report that children were trespassing inside a vacant and abandoned school that he knew had been in disrepair for some time with debris and litter visible "all around the property." Upon entering the dimly-lit building to search for the children, petitioner walked down one step, then took a second step onto what he thought was dirt on the floor. Instead, it was "a pile of debris" and he fell, injuring his right arm. He stated that, at the time he stepped down, his foot went through the debris, which "collapsed under [him]." Significantly, petitioner acknowledged that part of his duties included entering into and searching strange buildings where he ran the risk of "running into conditions that are less than desirable." Inasmuch as the risk of falling as the result of an "unseen obstacle" while performing such duties is "inherent in petitioner's performance of his [duties]" (*Matter of Canner v New York State Comptroller*, 97 AD3d at 1092; *see Matter of Murray v New York State Comptroller*, 84 AD3d at 1682), we find there is substantial evidence supporting respondent's determination that the subject incident did not qualify as an accident under the statute.

Stein, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.