In the Matter of LEONARD FIDUCIA, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [974 NYS2d 198]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, was searching an abandoned building when he slipped and fell while descending a stairway. He thereafter applied for accidental disability retirement benefits, alleging debilitating injuries to his lower back, neck and left leg as the result of his fall. The application was initially disapproved and petitioner requested a redetermination. Following a hearing, the Hearing Officer concluded that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law and denied petitioner's application. Respondent upheld the Hearing Officer's decision, prompting this CPLR article 78 proceeding.

We confirm. "Petitioner bears the burden of proving that his injury was accidental, and respondent's determination will be upheld if supported by substantial evidence" (*Matter of Lenci v DiNapoli*, 92 AD3d 1078, 1078 [2012] [citations omitted]; *see Matter of Roth v DiNapoli*, 105 AD3d 1183, 1184 [2013]). An incident does not qualify as an accident "where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of O'Brien v Hevesi*, 12 AD3d 895, 896 [2004], *lv dismissed* 5 NY3d 749 [2005]; *accord Matter of Lundquist v DiNapoli*, 106 AD3d 1439, 1439 [2013]). "Rather, [t]he precipitating event must emanate from a risk that is not an inherent element of the petitioner's regular employment duties" (*Matter of Canner v New York State Comptroller*, 97 AD3d 1091, 1092 [2012], *lv denied* 20 NY3d 851 [2012] [internal quotation marks and citations omitted]; *see Matter of Murray v New York State Comptroller*, 84 AD3d 1681, 1682 [2011]).

Petitioner testified that he was searching an abandoned build-

ing on the day of his injury. According to petitioner, his regular job duties included such searches and he had conducted a similar search of that building approximately one month prior and was aware that the building had formerly been occupied by drug dealers who owned pit bulls. Before he began descending a well-lit stairway into the basement, petitioner observed that the building in general was a mess and that the stairs appeared soiled, although he testified that he did not see any obstacles on the stairs. After descending a few steps, petitioner slipped on dog feces and fell down the stairs. Inasmuch as the risk of falling due to unseen obstacles while searching an abandoned building is inherent in the performance of petitioner's ordinary employment duties (*see Matter of Sikoryak v DiNapoli*, 104 AD3d 1042, 1043 [2013]; *see also Matter of Canner v New York State Comptroller*, 97 AD3d at 1092; *Matter of Murray v New York State Comptroller*, 84 AD3d at 1682), respondent's determination that the subject incident was not an accident within the meaning of the Retirement and Social Security Law is supported by substantial evidence and will not be disturbed.

Stein, J.P., Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.