Stein, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for accidental disability retirement benefits.
Petitioner, a police officer, filed a claim for accidental disability retirement benefits claiming that he is permanently incapacitated from performing his job duties as a result of a knee injury that he sustained on the job in 2010. The incident precipitating the injury occurred when petitioner stumbled on the landing of unlit front steps while investigating a possible intruder at a residence. After petitioner’s application was initially disapproved, he requested a hearing and redetermination. Following the hearing, the Hearing Officer determined that the incident constituted an accident within the meaning of Retirement and Social Security Law § 363. However, upon review, respondent Comptroller reversed that determination and denied petitioner’s application. This CPLR article 78 proceeding ensued.
Because we find, based upon our review of the record as a whole, that the Comptroller’s determination is supported by substantial evidence, we confirm. Petitioner bears the burden of proving that his injury was due to an accident as that term is defined by Retirement and Social Security Law § 363, and the Comptroller’s determination of that issue will be upheld if supported by substantial evidence (see Matter of Sikoryak v DiNapoli, 104 AD3d 1042, 1042 [2013]; Matter of Kempkes v DiNapoli, 81 AD3d 1071, 1072 [2011]). To qualify as an accident for purposes of an accidental disability retirement application, the event “must emanate from a risk that is not an inherent element of the petitioner’s regular employment duties” (Matter of Amadio v McCall, 2 AD3d 1131, 1132 [2003]; see Matter of Canner v New York State Comptroller, 97 AD3d 1091, *1216 1092 [2012], lv denied 20 NY3d 851 [2012]; Matter of McCabe v Hevesi, 38 AD3d 1035, 1036 [2007]). Here, it is evident from the record that petitioner’s regular employment duties included investigation of possible intruders and that such investigations are routinely conducted under cover of darkness so as not to give away the officer’s location.* The risk that an officer may trip on an unseen condition while engaged in such an investigation is not unforeseen but, rather, is an inherent risk of the officer’s employment duties (see Matter of Sikoryak v DiNapoli, 104 AD3d at 1043; Matter of Canner v New York State Comptroller, 97 AD3d at 1092).
Nor are we persuaded by petitioner’s argument that the Hearing Officer should have allowed petitioner to submit proof that the handrails on the steps were in violation of the municipality’s building code. Even assuming that the handrails were not code compliant and that such a violation would be relevant to the determination of whether this was an accident (cf. Matter of McCabe v Hevesi, 38 AD3d at 1036), petitioner did not testify that the allegedly short railing was a contributing factor in causing the injury. In fact, petitioner’s testimony is devoid of any indication that he relied upon the railing in ascertaining where the steps ended and the sidewalk began. Accordingly, on this record, we find that substantial evidence supports the Comptroller’s determination that petitioner was injured as a result of his own misstep and not as a result of an accident.
To the extent not specifically addressed herein, petitioner’s remaining contentions have been considered and found to be lacking in merit.
Lahtinen, J.E, Garry and Rose, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.

 Petitioner testified that he used a flashlight to check the doors and windows of the residence, but did not use it while ascending or descending the steps.