Matter of Valente v New York State Comptroller (2022 NY Slip Op 03431)





Matter of Valente v New York State Comptroller


2022 NY Slip Op 03431


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

533826
[*1]In the Matter of Michael Valente, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date:April 18, 2022

Before:Garry, P.J., Egan Jr., Colangelo, Ceresia and Fisher, JJ.

Miller & Caggiano, LLP, Bohemia (Vanessa Cruz of counsel), for petitioner.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.



Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
As petitioner, a police sergeant, approached a house to execute an arrest warrant, he tripped on the walkway on a piece of concrete that had been raised by a tree root, allegedly sustaining a permanently disabling injury to his right shoulder. He subsequently submitted an application for accidental disability retirement benefits, which was denied. Following a hearing, the Hearing Officer upheld the denial, finding, among other things, that the incident was a risk inherent in petitioner's job duties and, therefore, did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Respondent Comptroller adopted the Hearing Officer's findings of fact and conclusions of law and denied petitioner's application. This CPLR article 78 proceeding ensued.
"As an applicant for accidental disability retirement benefits, petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and [the Comptroller's] determination in that regard will be upheld if supported by substantial evidence" (Matter of Stancarone v DiNapoli, 161 AD3d 144, 146 [2018] [internal quotation marks, brackets and citations omitted]). "[A]n injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018]; accord Matter of Como v New York State Comptroller, 202 AD3d 1427, 1428 [2022]). "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Kelly v DiNapoli, 30 NY23d at 681 [internal quotation marks and citation omitted]; see Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1304 [2020]; Matter of Creegan v DiNapoli, 172 AD3d 1856, 1857 [2019], lv denied 34 NY3d 902 [2019]).
We confirm. Petitioner testified that he was executing an arrest warrant around 6:10 a.m. in a neighborhood with a lot of trees at a time when it was still dark outside. While approaching the house on an unlit walkway, petitioner and two other police officers accompanying him illuminated their flashlights — in accordance with police protocol — on the house in order to verify the house number and assess any threats that potentially could come therefrom. Petitioner fell when he tripped due to a six-to-eight-inch rise in the concrete caused by a tree root underneath it. There is no dispute that petitioner was engaged in the performance of his ordinary employment duties in that he was traversing the unlit walkway in order to effectuate an arrest warrant with his attention [*2]on the house. The risk that a police officer may trip on uneven pavement while engaged in such activity is an inherent risk of that employment; thus, substantial evidence supports the Comptroller's finding that petitioner did not sustain his burden of proving that the incident constituted an accident within the meaning of Retirement and Social Security Law § 363 (see Matter of Parry v New York State Comptroller, 187 AD3d at 1305; Matter of Walion v New York State & Local Police & Fire Retirement Sys., 118 AD3d 1215, 1216 [2014]; Matter of Canner v New York State Comptroller, 97 AD3d 1091, 1092 [2012], lv denied 20 NY3d 851 [2012]; Matter of Sweeney v New York State Comptroller, 86 AD3d 893, 893-894 [2011]). In view of the foregoing, we need not address petitioner's contention that the record does not support that part of the determination finding that the condition should also have been reasonably anticipated (see Matter of Lamb v DiNapoli, 139 AD3d 1312, 1313-1314 [2016]).
Egan Jr., Colangelo, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.