Matter of Compagnone v DiNapoli (2023 NY Slip Op 00354)

Matter of Compagnone v DiNapoli

2023 NY Slip Op 00354

Decided on January 26, 2023

Appellate Division, Third Department

Garry, P.J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 26, 2023

533530

[*1]In the Matter of Franco Compagnone, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:November 17, 2022

Before: Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, New York City (Dustin J. Brockner of counsel), for respondent.

Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, filed an application for accidental disability retirement benefits based upon two incidents, one that occurred on October 27, 2013 and a second that occurred on June 6, 2016. Petitioner's application was denied on the basis that neither of the two incidents constituted an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing, the Hearing Officer upheld the denial for the same reason, and respondent subsequently adopted the Hearing Officer's decision. This CPLR article 78 proceeding ensued.
We confirm. An applicant for accidental disability retirement benefits bears the burden of demonstrating that his or her disability arose out of an accident, and the determination will be upheld if supported by substantial evidence (see Matter of Valente v New York State Comptroller, 205 AD3d 1295, 1295 [3d Dept 2022]; Matter of Stancarone v DiNapoli, 161 AD3d 144, 146 [3d Dept 2018]). "[A]n injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018]; accord Matter of Zanchelli v DiNapoli, 198 AD3d 1058, 1059 [3d Dept 2021]). "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Kelly v DiNapoli, 30 NY23d at 681 [internal quotation marks and citation omitted]; accord Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1304 [2020]; see Matter of Creegan v DiNapoli, 172 AD3d 1856, 1857 [2019], lv denied 34 NY3d 902 [2019]).
Preliminarily, the lack of clarity in application of the legal standards set forth above merits some discussion. Pursuant to Retirement and Social Security Law § 363 (a) (1), a police officer qualifies for accidental disability retirement when physically or mentally incapacitated "as the natural and proximate result of an accident not caused by [the member's] own willful negligence." The statute does not define the term "accident," and it has been noted that the courts have struggled to find a test that will result in consistent results that justly and fairly compensate the law enforcement officers and firefighters who encounter unexpected or unseen hazards in the course of their work (see Matter of Rizzo v DiNapoli, ___ NY3d ___, ___, 2022 NY Slip Op 06027, *2 [2022] [Wilson, J., dissenting]; Matter of Kelly v DiNapoli, 30 NY3d at 686 [Wilson, J., concurring in part and dissenting in part]). The difficulty encountered in this struggle for consistency is, in large part, attributable to the deferential "substantial evidence" standard of review, [*2]which constrains judicial review of the determinations of administrative agencies (see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]; Matter of Shanahan v Justice Ctr. for the Protection of People with Special Needs, 198 AD3d 1157, 1158 [3d Dept 2021]). Nonetheless, the courts have a duty to annul the denial of benefits where an injury is accidental as a matter of law; in this limited arena, the legal authority is conflicted.
At the outset, the Court of Appeals set forth an apparently clear and compelling standard that is still oft cited; in Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II (57 NY2d 1010 [1982]), the Court defined accident by "adopt[ing] the commonsense definition of a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (id. at 1012 [internal quotation marks and citation omitted]). There, the officer injured his back leaning over the hood of a vehicle to place a ticket on the windshield, and this was deemed an ordinary activity within the course of his duties that did not qualify as an accident, leading to a confirmation of the initial denial of benefits (see id.). Thereafter, the Court applied this definition in a series of cases reversing the denial of awards of accidental disability benefits, despite the deferential standard of appellate review; in the seminal Matter of McCambridge v McGuire (62 NY2d 563 [1984]), the Court reversed denials of awards for falls occurring when a fellow officer moved away as his coworker arose from a desk chair, causing the coworker to lose balance and fall, and in the companion case, when an officer encountered wet pavement while entering a vehicle during a rainstorm and fell to the ground (id. at 568-569). In Matter of Pratt v Regan (68 NY2d 746 [1986]),a firefighter fell while exiting his fire truck as he stepped into a pothole in the pavement with one foot; the denial of his award was also reversed (id. at 747-748). The reason guiding the decision to reverse in all three instances was "that there was a precipitating accidental event . . . which was not a risk of the work performed," bringing the injuries within the Court's definition of a sudden, unexpected event (Matter of McCambridge v McGuire, 62 NY2d at 568; see Matter of Pratt v Regan, 68 NY2d at 747-748). Although it would therefore appear necessary to determine whether a given precipitating cause of injury is a risk of the work performed, Matter of McCambridge further warns that it is error to focus on the petitioner's job assignment, and Matter of Kelly v DiNapoli (30 NY3d 674) recently confirmed this limitation (id. at 681-682; see Matter of McCambridge, 62 NY2d at 567). That said, Matter of Kelly went on to base the decision on the inherent risk of the assignment (30 NY3d at 686).
The manner and degree to which a petitioner's knowledge affects the analysis is also in question. Although Matter of McCambridge held [*3]that an officer entering a car during a rainstorm and slipping on water had encountered a precipitating event outside the risks of the work performed as a matter of law, such that the denial of benefits must be reversed, the denial of benefits was later affirmed in Matter of Kenny v DiNapoli (11 NY3d 873 [2008]), where a police detective slipped on a wet ramp while exiting a restaurant (id. at 874-875). There, the Court reasoned that the detective "knew that the ramp was wet and therefore knew of the hazard that led to his injury before the incident occurred" (id. at 875), and therefore the denial of benefits had been properly confirmed. However, this is also necessarily true of the officer in Matter of McCambridge;[FN1] nonetheless, Matter of McCambridge was not overruled, despite the apparent narrowing of the definition of "accident," and still stands as good law. Likewise, many cases from the Third Department have confirmed the denial of benefits to police officers who slip and fall while carrying out their duties (see e.g. Matter of Quartucio v DiNapoli, 110 AD3d 1336 [3d Dept 2013]; Matter of Randolph v DiNapoli, 85 AD3d 1288 [3d Dept 2011]; Matter of Fischer v New York State Comptroller, 46 AD3d 1006 [3d Dept 2007]; Matter of Penkalski v McCall, 292 AD2d 735 [3d Dept 2002]; Matter of McLaughlin v McCall, 253 AD2d 940 [3d Dept 1998]; Matter of Minchak v McCall, 246 AD2d 952 [3d Dept 1998]).
In some cases within this category, the Third Department has endeavored to define the "unexpected" nature of the precipitating cause of injury, using the terms "readily observable" or "reasonably anticipated" to exclude certain causes that may be expected; notably, the Court of Appeals has expressly admonished the use of reasoning based on a condition being "readily observable" (see Matter of Kelly v DiNapoli, 30 NY3d at 685 n 3; see also Matter of Rizzo v DiNapoli, 2022 NY Slip Op 06027, *4-5 [Wilson, J., dissenting]). Thus, while the Court reasoned that the detective in Matter of Kenny knew that the ramp was slippery, an objective standard for this knowledge has been rejected. Nor has a subjective test, focused on what an individual did know, been enunciated. In any event, whether the "unexpected" caveat refers to a petitioner's subjective, actual knowledge or objective, imputable knowledge, each interpretation appears to run afoul of the holding in Matter of McCambridge. Accordingly, whether and to what degree a petitioner's job assignment, actual knowledge, and readily imputable knowledge affect the inquiry are all questions which remain, without clear answers. Although we have attempted to narrow and define the standard (see Matter of Stancarone v Dinapoli,161 AD3d at 147-151), we have not been provided with a clear and straight-forward test, and must instead, in each case, apply precedent that has not always been consistent.
Against this backdrop, we turn to analyze the instant matter. Police officers are frequently injured due to hazards they encounter [*4]while traversing in dark and dangerous conditions; these circumstances are generally not deemed to be "accidents," despite the definition stated in Matter of Lichtenstein,as they are considered inherent risks of the work, although they may be unusual (see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,57 NY2d at 1012).[FN2] Here, petitioner testified that on October 27, 2013, he was assigned to the midnight shift and was in his patrol car when, at approximately 1:00 a.m., he became suspicious upon observing a light coming from the second floor of a house that was under construction. According to petitioner, it was "very dark" around the house due to the lack of streetlights in the area. Petitioner took a flashlight and began walking around the perimeter of the house, illuminating the second floor of the house as he walked, in accordance with police protocol. As he continued walking the perimeter of the house, petitioner fell in a three-foot-deep hole in the ground that had been dug alongside the house. As petitioner's regular employment duties included conducting investigations in the dark, the risk that he might fall due to an unseen condition while engaged in such activity is an inherent risk of that employment; thus, substantial evidence supports respondent's finding that this incident did not constitute an accident within the meaning of the Retirement and Social Security Law (see Matter of Walion v New York State & Local Police & Fire Retirement Sys., 118 AD3d 1215, 1216 [3d Dept 2014]; Matter of Sikoryak v DiNapoli, 104 AD3d 1042, 1043 [3d Dept 2013]; Matter of Canner v New York State Comptroller, 97 AD3d 1091, 1092 [3d Dept 2012], lv denied 20 NY3d 851 [2012]).
As to the incident that occurred on June 6, 2016, petitioner testified that, at approximately 2:00 a.m. on that date, he was investigating a report of a "suspicious party going through cars in a parking lot." According to petitioner, it was drizzling that morning, and the area of the parking lot was dark. Petitioner was using a flashlight and, as he descended a wooden stairway that connected the parking lot to a baseball field, he was illuminating the field with the flashlight when he slipped and fell. Petitioner testified that, after his fall, he observed "green algae [and] mold," as well as leaves, on the stairs. "When carrying out some police duties, an officer on foot may encounter, as part of the work being performed, a vast array of conditions, many of which are not easily traversed and can cause a fall. Encountering such conditions while actively engaged in police duties often is not an unexpected event, and the Comptroller may find a fall caused thereby to be an inherent risk of the job" (Matter of Sweeney v New York State Comptroller, 86 AD3d 893, 893-894 [3d Dept 2011] [citations omitted]; see Matter of Murray v New York State Comptroller, 84 AD3d 1681, 1682 [3d Dept 2011]; cf. Matter of Berman v DiNapoli, 208 AD3d [*5]1568, 1570 [3d Dept 2022]). Under these circumstances, the precipitating event here was a risk inherent in the performance of petitioner's police duties and, thus, substantial evidence in the record supports respondent's determination that petitioner failed to establish that this injury was an accident within the meaning of Retirement and Social Security Law § 363 (see Matter of Valente v New York State Comptroller, 205 AD3d at 1296; Matter of Sweeney v New York State Comptroller, 86 AD3d at 894).
Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: As elucidated by the dissent in the First Department, the officer in Matter of McCambridge was entering a patrol car in heavy rain at the time of his slip and fall (see Matter of Knight v McGuire, 94 AD2d 623, 623 [1st Dept 1983] [Asch, J., dissenting], revd 62 NY2d 563 [1984]). There can be little doubt that the officer knew, or should have known, that the pavement was wet and slippery.

Footnote 2: We recognize that an inherent risk cannot be deemed "unexpected" (see Matter of Kelly v DiNapoli, 30 NY3d at 683).