■ In the Matter of PAUL G. KENNY, Petitioner, v THOMAS P. DiNAPOLI, as New York State Comptroller, Respondent. [856 NYS2d 703]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a detective employed by the City of Rye Police Department in Westchester County, allegedly sustained certain injuries in May 2003 when he jarred his left knee after exiting a local deli with two of his coworkers. Petitioner's subsequent application for accidental disability retirement benefits was denied upon the basis that the May 2003 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363.* Upon administrative review, a Hearing Officer agreed, finding that petitioner's injuries were the product of his own misstep rather than the result of an accident. Respondent thereafter adopted the Hearing Officer's findings and denied petitioner's application, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination.

We confirm. The case law makes clear that in order to qualify as an accident within the meaning of Retirement and Social Security Law § 363, the event precipitating the injury must have been a sudden, fortuitous mischance that is unexpected, out of the ordinary and injurious in impact (*see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *Matter of Lu-*

---

* Petitioner also applied for and ultimately was granted performance of duty disability retirement benefits.

*cian v McCall*, 7 AD3d 905, 906 [2004]; *Matter of Flynn v Hevesi*, 308 AD2d 674, 675 [2003], *lv denied* 1 NY3d 504 [2003]). Hence, "an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties . . . is not an accidental injury" (*Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]; *see Matter of Pryor v Hevesi*, 14 AD3d 776 [2005]).

Petitioner testified that as he exited the deli via a sloping ramp that he had traversed on many prior occasions, he slipped, then caught himself and jarred his left knee. Although petitioner makes much of the fact that he previously did not have occasion to use the ramp on a wet, rainy day, he nevertheless testified that he knew it was raining before he arrived at the deli and recognized that the ground was still wet when he and his coworkers finished their lunch, exited the deli and started to walk to their vehicle. In our view, the hazard posed by a wet, sloping ramp hardly may be characterized as unexpected or out of the ordinary; thus, respondent rationally concluded that petitioner's injury did not result from an accident (*see Matter of Mariuz v McCall*, 282 AD2d 918, 919 [2001], *lv denied* 96 NY2d 720 [2001]; *cf. Matter of Lucian v McCall*, 7 AD3d at 906). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, J.P., Spain, Rose and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.