In the Matter of GEORGE RANDOLPH, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [924 NYS2d 206]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer for the City of Mount Vernon in Westchester County, was injured on February 5, 2004 when he slipped and fell on the steps outside of police headquarters as he exited the building shortly after commencement of his shift. Following the denial of petitioner's initial application for accidental disability retirement benefits, he sought a hearing and redetermination. The Hearing Officer also denied the application, finding that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Upon review, respondent upheld the Hearing Officer's determination and petitioner thereafter commenced this CPLR article 78 proceeding.

An injury is considered accidental under the Retirement and Social Security Law if it arises out of a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omit-

ted]). An injury that occurs without an unexpected event in the course of performing the ordinary duties of the particular employment is not an accidental injury (*see Matter of Kempkes v DiNapoli*, 81 AD3d 1071, 1072 [2011]; *Matter of Kenny v DiNapoli*, 50 AD3d 1445, 1446 [2008], *affd* 11 NY3d 873 [2008]; *Matter of Avery v McCall*, 308 AD2d 677, 678 [2003]).

Here, petitioner testified that he had utilized this staircase at least twice a day during the five years prior to his fall. Although petitioner claimed that he did not observe the icy condition of the steps until after his fall, he testified that it was a very cold morning and admitted that the marble steps looked wet to him. Under these circumstances, we find that petitioner could have reasonably anticipated the hazardous condition of the steps, even if he did not actually notice it until after his fall. Accordingly, respondent's determination is supported by substantial evidence and must be upheld (*see Matter of Kempkes v DiNapoli*, 81 AD3d at 1072; *Matter of Kenny v DiNapoli*, 50 AD3d at 1446; *Matter of Avery v McCall*, 308 AD2d at 678).

Peters, J.P., Rose, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.