■ In the Matter of PAUL RODRIQUEZ, Petitioner, v THOMAS DINAPOLI, as Comptroller, et al., Respondents. [972 NYS2d 736]—

Peters, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental disability retirement benefits.

Petitioner was employed as a police officer by the Port Authority of New York and New Jersey. On May 19, 2004, he was assigned to work at the Newark International Airport and, while he was approaching a vehicle to direct it to move away from the curb outside one of the terminals, he slipped on a wet, metal encased curb and fell to the ground, injuring his right knee. Thereafter, on June 5, 2006, while working at the Holland Tunnel, he and other police officers were in a patrol vehicle pursuing a suspect who had run into the tunnel. When petitioner exited the vehicle and confronted the suspect in an attempt to subdue him, the suspect punched and kicked petitioner before being arrested, resulting in additional injuries to petitioner's right knee. Petitioner filed applications for, among other things, accidental disability retirement benefits with respect to both of

these incidents.* His applications were denied by respondent New York State and Local Employees' Retirement System. Following a hearing, a Hearing Officer upheld the denials, concluding that the incidents of May 19, 2004 and June 5, 2006 did not constitute accidents within the meaning of the Retirement and Social Security Law. The Hearing Officer further found that petitioner did not file timely notice of his June 5, 2006 injury. After issuing supplemental conclusions of law, respondent Comptroller likewise ruled that petitioner was not entitled to receive accidental disability retirement benefits. This CPLR article 78 proceeding ensued.

We confirm. Initially, we note that petitioner has the burden of demonstrating that he is entitled to receive accidental disability retirement benefits, and the Comptroller's determination will be upheld if supported by substantial evidence (*see Matter of Madaffari v DiNapoli*, 104 AD3d 1047, 1047 [2013]; *Matter of Murphy v New York State Comptroller*, 92 AD3d 1022, 1022 [2012]). In order to qualify as an accident, the precipitating event must be "a sudden, fortuitous mischance that is unexpected, out of the ordinary and injurious in impact" (*Matter of Kenny v DiNapoli*, 50 AD3d 1445, 1445 [2008], *affd* 11 NY3d 873 [2008]; *see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]). Notably, an injury will not be considered accidental if it " 'results from an expected or foreseeable event arising during the performance of routine employment duties' " (*Matter of Conroy v Murray*, 102 AD3d 1074, 1075 [2013], quoting *Matter of Ruggiero v DiNapoli*, 85 AD3d 1282, 1283 [2011], *lv denied* 17 NY3d 711 [2011]).

Turning first to the May 19, 2004 incident, petitioner testified that he was performing routine traffic duties at the time and was not looking where he was walking, but was focused on the driver of the vehicle he was approaching. He further stated that it had been raining about 1½ hours prior to the incident and that the metal strip on the curb was covered with water. Under these circumstances, petitioner could have reasonably anticipated that the curb would be wet and that he might slip on it while approaching the vehicle in question (*see Matter of Messina v New York State & Local Employees' Retirement Sys.*, 102 AD3d 1068, 1069 [2013], *lv denied* 21 NY3d 855 [2013]; *Matter of Randolph v DiNapoli*, 85 AD3d 1288, 1289 [2011]; *Matter of Stymiloski v DiNapoli*, 64 AD3d 865, 866 [2009]; *Matter of Kenny v DiNapoli*, 50 AD3d at 1446). Accordingly, we find

---

* Petitioner also filed an application with respect to an incident occurring on June 29, 2009, but subsequently withdrew it.

that substantial evidence supports the Comptroller's conclusion that the incident did not constitute an accident entitling petitioner to receive benefits.

Turning to the June 5, 2006 incident, the record is inconclusive as to whether petitioner obtained a waiver of the notice provisions of Retirement and Social Security Law § 363 (c) (a) as no testimony was presented on this issue and the documentary evidence does not indicate when the employer received the injury report with respect to petitioner's workers' compensation claim. In any event, we find that substantial evidence supports the Comptroller's conclusion that this incident did not constitute an accident entitling petitioner to receive benefits. Petitioner was involved in the pursuit of a suspect, an ordinary part of his police duties (*see Matter of Roth v DiNapoli*, 105 AD3d 1183, 1184 [2013]), and was attempting to effectuate an arrest at the time the suspect struck him. Notwithstanding the evidence that the suspect assaulted petitioner, this does not negate the finding that he was injured as a result of physical contact inherent in the performance of his duties as a police officer (*see Matter of Jarosz v DiNapoli*, 95 AD3d 1500, 1501 [2012]; *Matter of Welsh v New York State Comptroller*, 67 AD3d 1167, 1169 [2009], *lv denied* 14 NY3d 706 [2010]; *Matter of Wise v New York State Comptroller*, 38 AD3d 1032, 1034 [2007], *lv denied* 9 NY3d 811 [2007]). Therefore, given that there is no reason to disturb the Comptroller's determination, it must be confirmed.

Rose, Lahtinen and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.