Rose, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
Petitioner applied for accidental disability retirement benefits claiming, as is relevant here, that work-related incidents in *1367 2007 and 2009 had rendered him permanently incapacitated to perform his work as an assistant chief for the City of Yonkers Fire Department. His application was denied and, upon his request for a hearing and redetermination, the Hearing Officer determined that neither incident constituted an accident within the meaning of the Retirement and Social Security Law. Respondent adopted the Hearing Officer’s findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. An accident is “a ‘sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact’ and . . . ‘an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury’ ” (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008], quoting Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]). Petitioner injured his left knee in 2007 when he slipped on a wet steel plate that had covered part of a fire station floor for several years. He testified that the plate might have been wet due to a fire truck returning to the station and, moreover, that water often pooled in that area when it rained. Petitioner reinjured his left knee in 2009 in the wake of a structure fire when he fell in a wet area while attempting to avoid a fire hose, conditions that were admittedly commonplace at fire scenes. Inasmuch as “the condition[s] that caused the [falls] could have been ‘reasonably anticipated’ ” by petitioner, substantial evidence supports the determination of respondent that neither incident constituted an accident entitling him to accidental disability retirement benefits (Matter of Sammon v DiNapoli, 97 AD3d 952, 953 [2012], quoting Matter of Murphy v New York State Comptroller, 92 AD3d 1022, 1023 [2012]; see Matter of Kenny v DiNapoli, 11 NY3d at 874-875; Matter of Carrella v DiNapoli, 98 AD3d 1220, 1221 [2012]).
Lahtinen, J.P, Stein and Garry, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.