■ In the Matter of ROCCO GRECO, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [999 NYS2d 274]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner worked as a detective for the Village of Larchmont Police Department in Westchester County. On March 30, 2010, he and three other officers went to a residence to arrest a burglary suspect. After being informed that the suspect was downstairs, officers proceeded to walk down the wooden staircase inside the residence that led to the basement apartment. Two of the officers descended the stairs before petitioner without incident. As petitioner began to descend the stairs, he lost his footing on the top step and fell all the way down to the landing, injuring himself. After the fall, he noticed a clear coating on the stairs that he believed was polyurethane. Petitioner subsequently filed an application for accidental disability retirement benefits. His application was initially denied, but he was later granted benefits by a Hearing Officer following a hearing. Respondent, however, subsequently concluded that petitioner was not entitled to receive benefits because the March 30, 2010 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Petitioner commenced this CPLR article 78 proceeding challenging this determination.

We confirm. Initially, as the party seeking accidental disability retirement benefits, the burden was on petitioner to prove entitlement, and respondent's determination in this regard will be upheld if supported by substantial evidence (*see Matter of Fiducia v DiNapoli*, 111 AD3d 1018, 1018 [2013]; *Matter of Tierney v New York State Comptroller*, 90 AD3d 1215, 1215 [2011]). "For purposes of accidental disability retirement benefits, the underlying accident must be 'a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties' " (*Matter of Welsh v New York State Comptroller*, 67 AD3d 1167, 1168 [2009], *lv denied* 14 NY3d 706 [2010], quoting *Matter of Dzwielewski v McCall*, 277 AD2d 622, 622 [2000]; *see Matter of Sorrentino v DiNapoli*, 74 AD3d 1694, 1695 [2010]). A slip and fall occasioned by a hazardous condition that could have been reasonably anticipated has been found not to be accidental (*see Matter of Randolph v DiNapoli*, 85 AD3d 1288, 1289 [2011]).

Here, petitioner was in the process of executing an arrest warrant, part of his routine job duties, at the time he started to descend the stairs. According to him, the stairway was lit and it was not obstructed in any manner. By his own admission, he was scanning the area looking for the suspect and not looking at the stairs themselves at the time he made his descent. He stated that he lost his footing and fell, but afterward noticed a clear stair coating that was slippery to the touch. He believed that the coating was polyurethane—a product commonly used on wood surfaces—and that this caused him to fall. Under the circumstances, and given that petitioner could have reasonably anticipated the coating on the stairs had he looked prior to making his descent, substantial evidence supports respondent's determination that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363 (*see e.g. Matter of Sweeney v New York State Comptroller*, 86 AD3d 893, 894 [2011]; *Matter of Randolph v DiNapoli*, 85 AD3d at 1289; *Matter of Collins v DiNapoli*, 57 AD3d 1148, 1149 [2008]; *compare Matter of Balduzzi v McCall*, 220 AD2d 796, 797 [1995]). Consequently, we find no reason to disturb it.

Lahtinen, J.P., Egan Jr. and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.