*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    519377
_____

In the Matter of JOSEPH
    LANZETTA,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                    Respondent.
_____

Calendar Date:  June 4, 2015

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

                    _____


        Bartlett, McDonough & Monaghan, LLP, White Plains (Patricia D'Alvia of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Paul Groenwegen of counsel), for respondent.

                    _____


Clark, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

        Petitioner, a police officer, was assisting an emergency medical technician in lifting a backboard holding a motor vehicle accident victim when he injured his shoulder.  His application for accidental disability retirement benefits was initially disapproved, and he requested a hearing and redetermination. Following the hearing, the Hearing Officer determined that the incident constituted an accident within the meaning of the

Retirement and Social Security Law.  Upon review, however, respondent reversed that determination and denied petitioner's application.[1]  This CPLR article 78 proceeding ensued.

We confirm.  Initially, contrary to petitioner's contention, respondent was not bound by the Hearing Officer's determination (see Retirement and Social Security Law § 74 [b]; Matter of Wilson v DiNapoli, 52 AD3d 931, 933 [2008]). Petitioner has the burden of proving entitlement to accidental disability retirement benefits, and respondent's determination will be upheld if supported by substantial evidence (see Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015]; Matter of Greco v DiNapoli, 123 AD3d 1366, 1367 [2014]).  Notably, "an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (Matter of O'Brien v Hevesi, 12 AD3d 895, 896 [2004], lv dismissed 5 NY3d 749 [2005]; see Matter of Rodriquez v DiNapoli, 110 AD3d 1125, 1126 [2013]).

Here, petitioner testified that assisting emergency medical technicians by helping to lift individuals on backboards was a routine employment duty.  As to the incident in question, petitioner testified that he injured his shoulder when the victim began to roll to one side of the backboard and he had to compensate for this by raising that side of the backboard. Although petitioner further testified that the backboard had straps to be used to immobilize an injured person and that the victim was strapped to the backboard, he could not recall how many straps the backboard had or if all the straps had been used on the victim.  Under these circumstances, substantial evidence supports respondent's determination that the victim's movement while being lifted could have been reasonably anticipated and, therefore, the incident did not constitute an accident within the meaning of the Retirement and Social Security Law (see Matter of Stone v New York State Comptroller, 90 AD3d 1377-1378, 1377 [2011], lv denied 18 NY3d 810 [2012]; Matter of Felix v New York

_____

    [1]  Petitioner's application for performance of duty disability retirement benefits was granted.

State Comptroller, 28 AD3d 993, 994 [2006]).

Garry, J.P., Rose and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court