*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    519852
_____

In the Matter of EDWARD
    SCHOALES,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS DiNAPOLI, as State
    Comptroller,
                    Respondent.
_____

Calendar Date:  September 18, 2015

Before:  Garry, J.P., Rose, Lynch and Devine, JJ.

_____

        Bartlett, McDonough & Monaghan, LLP, White Plains (Michael
J. Catallo of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Devine, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent denying petitioner's
application for accidental disability retirement benefits.

        Petitioner worked as a police sergeant in Rockland County
for 15 years.  He filed an application for accidental disability
retirement benefits based upon two incidents, one on December 1,
2004 and the second on May 3, 2011.  Petitioner's application was
denied on the basis that neither of the two incidents constituted
an accident within the meaning of Retirement and Social Security
Law § 363.  Following a hearing, the Hearing Officer also

concluded that the incidents in question were not accidents and recommended that petitioner's application be denied. Based upon the Hearing Officer's recommendation, respondent issued a final determination denying petitioner's application and this CPLR article 78 proceeding ensued.

We confirm. For purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citations omitted]; see Matter of Greco v DiNapoli, 123 AD3d 1366, 1367 [2014]). The burden is on the party seeking benefits to establish that the injury producing event was accidental (see Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015]; Matter of Greco v DiNapoli, 123 AD3d at 1367). In order to be deemed accidental, an injury must not have been "the result of activities undertaken in the ordinary course of one's job duties" but, rather, "must be due to a precipitating accidental event which is not a risk of the work performed" (Matter of Pommerville v McCall, 6 AD3d 1025, 1026 [2004]; see Matter of Fulton v New York State Comptroller, 122 AD3d 983, 983 [2014], lv denied 24 NY3d 915 [2015]). Furthermore, where the incident involves a slip and fall, the determinative inquiry is "whether the condition that caused the slip could have been 'reasonably anticipated'" (Matter of Sammon v DiNapoli, 97 AD3d 952, 953 [2012], quoting Matter of Murphy v New York State Comptroller, 92 AD3d 1022, 1023 [2012]; see Matter of Dicioccio v DiNapoli, 124 AD3d at 1171).

Dealing first with the December 1, 2004 incident, which occurred at approximately 4:00 a.m., petitioner had responded to a security alarm and was inspecting the exterior of a building in a light rain. He indicated that he had climbed up onto a concrete loading dock to check an overhead door and was getting ready to lower himself off of it when his foot slipped on the edge, which had become icy, and he fell to the ground. Inasmuch as petitioner could have reasonably foreseen that an elevated concrete surface would be icy on a rainy winter night, substantial evidence supports respondent's conclusion that the December 1, 2004 incident was not an accident (see Matter of Messina v New York State & Local Employees' Retirement Sys., 102

AD3d 1068, 1068-1069 [2013], lv denied 21 NY3d 855 [2013]; Matter of Ruggiero v DiNapoli, 85 AD3d 1282, 1283 [2011], lv denied 17 NY3d 711 [2011]).

Turning to the May 3, 2011 incident, petitioner stated that he and another officer had responded to a private residence where a morbidly obese woman had fallen.  The two officers attempted to lift her to her feet, and petitioner injured his back when she failed to assist them by moving her feet under her body.  Petitioner indicated that he had responded to such calls for assistance before and the associated risks were, therefore, clearly a part of his routine job duties.  In view of this, and absent an unexpected event, substantial evidence also supports respondent's conclusion that the May 3, 2011 incident was not an accident (see Matter of Herlihy v DiNapoli, 75 AD3d 892, 893 [2010]; Matter of Lucian v McCall, 7 AD3d 905, 906 [2004]).

Garry, J.P., Rose and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court