*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 17, 2016                521781
_____

In the Matter of STEPHEN WITTS,
                    Petitioner,

        v

THOMAS P. DiNAPOLI, as            MEMORANDUM AND JUDGMENT
    Comptroller of the State of
    New York,
                    Respondent.
_____

Calendar Date: February 18, 2016

Before: Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Bartlett, McDonough & Monaghan, LLP, White Plains (Erin
O'Connor of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Devine, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent denying petitioner's
application for accidental disability retirement benefits.

        Petitioner, a firefighter with the City of New Rochelle
Fire Department since 1983, applied for accidental disability
retirement benefits stemming from, as is relevant here, four
incidents occurring on December 16, 1991, April 10, 2003,
December 31, 2004 and September 2, 2009. Following a hearing,
the Hearing Officer denied the application, concluding that the
incidents did not constitute accidents within the meaning of

Retirement and Social Security Law § 363.  Respondent adopted the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding.

For purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]; Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015]), and it must "not result from an activity undertaken in the performance of regular or routine employment duties" (Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015] [internal quotation marks and citations omitted]). Petitioner bears the burden of establishing that the event producing the injury was an accident, and respondent's determination will be upheld where it is supported by substantial evidence (see id.).

Here, with regard to the 1991 incident, petitioner testified that he was at the scene of a house fire and tripped over a hose line that other firefighters had pulled further into the home without warning.  Given petitioner's testimony that he routinely stepped over hose lines in the course of his work and that it was not out of the ordinary for the hose line to be advanced without warning, substantial evidence supports respondent's conclusion that the incident could have been reasonably anticipated and did not constitute an accident (see Matter of Schoales v DiNapoli, 132 AD3d at 1185-1186). Concerning the 2003 incident, we defer to a credibility determination by respondent (see Matter of West v DiNapoli, 79 AD3d 1565, 1566 [2010]) that petitioner was injured in the course of fighting a house fire when he slipped on a toy while descending an attic staircase in heavy smoke.  Inasmuch as the risk of tripping and falling over unseen objects in heavy smoke is inherent in petitioner's firefighting duties, respondent's conclusion that this was not an accident is likewise supported by substantial evidence (see Matter of Cavallo v DiNapoli, 117 AD3d 1366, 1367 [2014]; Matter of Lassen v Hevesi, 9 AD3d 780, 781 [2004]).

Turning to the 2004 mishap, petitioner recounted that he

returned to the fire truck that was parked curbside after responding to a rescue call and, while lifting a tool box into an overhead compartment, slipped and fell on a sandy substance on the edge of the sidewalk. Although he did not notice the sand on the sidewalk when he walked into the building, there was a visible patch of dirt between the curb and the sidewalk. Consequently, the presence of dirt on the sidewalk could have been reasonably anticipated by petitioner and the incident did not constitute an accident (see Matter of Dicioccio v DiNapoli, 124 AD3d at 1171; Matter of Cavallo v DiNapoli, 117 AD3d at 1367). Finally, deferring again to respondent's resolution of petitioner's conflicting accounts (see Matter of West v DiNapoli, 79 AD3d at 1566), the 2009 incident occurred while petitioner was battling a residential fire in dark and smoky conditions. While traversing what turned out to be a rooftop patio, he tripped over unseen furniture. As this also occurred in the performance of routine firefighting duties and was not unexpected, the conclusion that it was not an accident will not be disturbed (see Matter of Lassen v Hevesi, 9 AD3d at 781). Petitioner's remaining challenges to the denial of his application have been examined and determined to lack merit.

Peters, P.J., Garry and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court