McCarthy, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner’s application for accidental disability retirement benefits.
Petitioner, a police officer, injured his neck and shoulder while rescuing people trapped in a house due to damage caused by Hurricane Sandy. He thereafter applied for accidental disability retirement benefits and the application was denied on the ground that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Ultimately, respondent upheld the denial and petitioner commenced this CPLR article 78 proceeding challenging that determination.
We confirm. Respondent’s determination will be upheld if supported by substantial evidence (see Matter of Roth v DiNapoli, 105 AD3d 1183, 1184 [2013]). For the purposes of *1471 Retirement and Social Security Law § 363, an injury that results from “a risk of the work performed” is not an accident (Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015] [internal quotation marks and citation omitted]; see Matter of Hyland v New York State Comptroller, 121 AD3d 1149, 1149 [2014]). Consistent with this principle, this Court has long recognized that police officers face many substantial risks in the regular course of their duties that are inherent to the work that they perform (see e.g. Matter of Schoales v DiNapoli, 132 AD3d at 1186; Matter of Lanzetta v DiNapoli, 130 AD3d 1109, 1009-1110 [2015]; Matter of Scofield v DiNapoli, 125 AD3d 1086, 1086-1087 [2015]; Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1170-1172 [2015]; Matter of Bennett v DiNapoli, 119 AD3d 1310, 1310-1311 [2014]; Matter of Carpenter v DiNapoli, 104 AD3d 1037, 1038 [2013]; Matter of Franks v New York State & Local Retirement Sys., 47 AD3d 1115, 1115-1116 [2008]; Matter of Sansone v Levitt, 67 AD2d 1044, 1044-1045 [1979]).
According to petitioner, he was considered a first responder to emergency calls and had a duty to assist injured persons. The Uniform Police Officer Job Description that governed petitioner’s job confirmed petitioner’s testimony to the extent that it dictated that his professional responsibilities included “[a]ssist[ing] any injured persons.”* Petitioner acknowledged that, due to the hurricane, his supervisors had impressed upon him that his professional duty extended to responding to emergency calls involving life and limb. Petitioner explained that he answered a call regarding occupants of a house who were trapped due to a tree falling onto and through the home. Petitioner acknowledged that, when he arrived, the home was not a stable structure and debris was still falling, but he explained that he had to go in to help the trapped occupants. Petitioner was thereafter injured while throwing debris off of the trapped occupants and while holding up debris that continued to fall during that rescue effort. Accordingly, a *1472 reasonable conclusion to draw from'the record is that the threat that compelled petitioner’s response as a police officer and first responder—the dangerous condition in the home—was the same threat that ultimately caused petitioner’s injuries. Given this substantial evidence that petitioner’s injury resulted from foreseeable risks inherent to being a police officer whose duty it was to assist injured persons, we will not disturb respondent’s determination (see Matter of Schoales v DiNapoli, 132 AD3d at 1186; Matter of Lametta v DiNapoli, 130 AD3d at 1109-1110; Matter of Scofield v DiNapoli, 125 AD3d at 1086-1087; Matter of Dicioccio v DiNapoli, 124 AD3d at 1170-1172).
Devine and Clark, JJ., concur.

 In our view, this description sets forth the ordinary and anticipated demands of petitioner’s job, and the dissent’s conclusion that petitioner’s assistance of injured persons here was “well outside the ordinary expectations and anticipated demands of petitioner’s job duties” fails to account for the fact that petitioner’s actions unambiguously fell within his official job description. Further, a rational factfinder was not required to ignore this official job description in favor of the self-serving job description that petitioner provided in his testimony. Notably, petitioner’s testimony to the effect that he was not professionally obligated to assist the injured persons here was not supported by any further evidence, and a rational person could conclude that it contradicted the official job description.