*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                522158
_____

In the Matter of CITY OF
    LACKAWANNA,
                      Petitioner,

          v                              MEMORANDUM AND JUDGMENT

THOMAS NITIDO, as Deputy
    Comptroller of the State of
    New York, et al.,
                      Respondents.
_____

Calendar Date:  June 2, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

                        _____


        Coughlin & Gerhart, Binghamton (Lars P. Mead of counsel),
for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondents.

                        _____


McCarthy, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent denying petitioner's
application for disability retirement benefits.

        Petitioner, a municipality, filed an accidental disability
retirement application on behalf of Kenneth A. Drozdowski, a
firefighter employed by petitioner, alleging that Drozdowski was
permanently disabled as a result of injuries sustained in various
incidents during the course of his duties on October 31, 1998,
April 22, 2005 and October 2, 2010.  Following a hearing, the

Hearing Officer concluded that the incidents did not constitute accidents within the meaning of the Retirement and Social Security Law and denied the application. Respondent Deputy Comptroller upheld the denial of the application, and this CPLR article 78 proceeding ensued.

We confirm. In order for an incident to constitute an accident for purposes of the Retirement and Social Security Law, it must be "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]). The injury must not result from an activity undertaken in the performance of ordinary employment duties and must not be an inherent risk of such job duties (see Matter of Schultz v DiNapoli, 137 AD3d 1454, 1455 [2016]).

Here, with regard to the October 31, 1998 incident, Drozdowski testified that he responded to a structure fire where an obese woman was trapped on the second floor. Given the urgent situation and in order to evacuate the woman, Drozdowski, with the assistance of other firefighters, strapped the woman to a spine board and, because she was too large to fit through the doorway horizontally, attempted to maneuver the woman through the doorway in a vertical position and down the stairs. When the other firefighters lost their grip on the board, Drozdowski was left alone holding the board and was injured when he slid down the stairs while trying to control the momentum of the woman's weight and prevent her from sustaining further injury. As the record establishes that evacuating occupants of all sizes is an ordinary part of Drozdowski's duties as a firefighter, substantial evidence supports the Deputy Comptroller's conclusion that this incident was not an accident (see Matter of Schoales v DiNapoli, 132 AD3d 1184, 1186 [2015]).

Next, turning to the April 22, 2005 incident, Drozdowski testified that he tripped on a three-inch concrete step in the fire station and hit his head on a desk, resulting in an injury to his neck. Drozdowski noted that the floor had just been mopped and that he had walked through some puddles on the floor just before falling. No defective condition in the step was alleged, and Drozdowski acknowledged that he was aware of the step and had, in fact, tripped on it before. Under these circumstances, substantial evidence supports the Deputy

Comptroller's conclusion that the injuries sustained in this incident resulted from Drozdowski's own misstep or inattention, which did not constitute an accident for purposes of the Retirement and Social Security Law (see Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337-1338 [2013]; Matter of Robinson v DiNapoli, 56 AD3d 943, 943-944 [2008]).

Finally, the October 2, 2010 incident involved Drozdowski responding, during the normal course of his duties, to an emergency medical service call regarding a woman complaining that she was unable to feel her legs. While rendering assistance to the woman, who was obese, intoxicated and combative, she began to fall. When Drozdowski grabbed the woman under her arms in order to try to reduce the fall and prevent further injury to her, she struggled and pulled him down with her, resulting in injuries to Drozdowski. Here, the record establishes that Drozdowski was involved in the normal course of his duties when the injuries arose and was aware of the combative nature of the woman. As such, we find that substantial evidence supports the conclusion that the incident did not constitute an accident (see Matter of Pommerville v McCall, 6 AD3d 1025, 1026 [2004]; Matter of Vladick v McCall, 252 AD2d 729, 730 [1998]). As petitioner did not sustain its burden of demonstrating that the events producing the injuries resulted from accidents, the Deputy Comptroller's determination will not be disturbed (see Matter of Schoales v DiNapoli, 132 AD3d at 1185-1186).

Garry, Lynch, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court