## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   August 25, 2016                    522428
_____

In the Matter of DAVID M.
    MAGISTRO,
                            Petitioner,

            v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                            Respondent.
_____

Calendar Date:   August 18, 2016

Before:   Garry, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.

_____

        Russell A. Schindler, Kingston, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Mulvey, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent denying petitioner's
application for accidental disability retirement benefits.

        Petitioner worked as a police officer for the City of
Poughkeepsie Police Department.  On the morning of December 1,
2010, he was dispatched to a residence where a burglary had
occurred.  Upon his arrival, he spoke to the homeowner,
documented items that were missing and inspected the residence
for possible entry points and crime scene evidence.  He went to
inspect a small porch that was connected to the house by wooden
stairs that were partially covered by an overhanging roof.  It

was raining that morning and, when petitioner stepped on the top step, he slipped and slid down the handrail before eventually catching himself. As a result of injuries that he sustained, he filed an application for accidental disability retirement benefits.[1] His application was initially denied on the ground that the December 1, 2010 incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Petitioner requested a hearing and redetermination and, following such hearing, a Hearing Officer denied his application for the same reason. Respondent subsequently adopted the Hearing Officer's decision with supplemental conclusions of law, and this CPLR article 78 proceeding ensued.

We confirm. It is well settled that, for purposes of the Retirement and Social Security Law, an accident is "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; see Matter of Beckley v Nitido, 123 AD3d 1330, 1331 [2014]). The burden is on the party seeking benefits to establish that the injury-producing event was accidental in nature (see Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015]; Matter of Hoehn v New York State Comptroller, 122 AD3d 984, 986 [2014]). Notably, in order to be deemed accidental, an injury must result from a risk that is not an inherent part of one's regular job duties (see Matter of Schultz v DiNapoli, 137 AD3d 1454, 1455 [2016]; Matter of Fulton v New York State Comptroller, 122 AD3d 983, 983-984 [2014], lv denied 24 NY3d 915 [2015]) or from a hazard that cannot be reasonably anticipated (see Matter of Bennett v DiNapoli, 119 AD3d 1310, 1311 [2014]; Matter of Cavallo v DiNapoli, 117 AD3d 1366, 1367 [2014]).

Petitioner's search of the residence following the burglary was a part of his routine duties as a police officer. He acknowledged that it was lightly raining when he conducted the search and, although he did not see water pooling on the stairs,

_____

[1] Petitioner also filed an application for performance of duty disability retirement benefits, which was granted.

he believed that they were wet.  He stated that he did not realize that the stairs were slippery until his foot slipped on the top stair.  Notwithstanding this, petitioner could have reasonably anticipated the slippery condition of the stairs under the circumstances presented (see Matter of Greco v DiNapoli, 123 AD3d 1366, 1368 [2014]; Matter of Randolph v DiNapoli, 85 AD3d 1288, 1289 [2011]).  Although petitioner theorized that the stairs were slippery because they had been painted with interior paint and were not constructed in accordance with the applicable building code, this presented a credibility issue for respondent to ultimately resolve (see Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1069 [2013], lv denied 21 NY3d 855 [2013]; Matter of Assmann v DiNapoli, 95 AD3d 1487, 1488 [2012]).  Given that substantial evidences supports respondent's determination, we decline to disturb it.

Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court