Matter of Buckley v DiNapoli (2018 NY Slip Op 07812)





Matter of Buckley v DiNapoli


2018 NY Slip Op 07812


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

526128

[*1]In the Matter of DENNIS BUCKLEY, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Bartlett LLP, White Plains (Nicholas Switach of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental and performance of duty disability retirement benefits.
Petitioner, a police officer, applied for accidental and performance of duty disability retirement benefits, alleging that three incidents caused him vertigo, back pain and other injuries that resulted in his permanent incapacitation (see Retirement and Social Security Law §§ 363, 363-c). Petitioner's applications were initially denied and, following a hearing, a Hearing Officer concluded that petitioner did not establish that he was permanently incapacitated by his back injury or other orthopedic injuries or that his vertigo was caused during the performance of his duties as a police officer or resulted from an accident. After initially accepting the Hearing Officer's conclusions, respondent subsequently made supplemental findings of fact and conclusions of law, holding, among other things, that petitioner failed to satisfy his burden of establishing that his disabling condition resulted from an accident or was incurred in the performance of his duties. This CPLR article 78 proceeding followed.
Regarding his application for accidental disability retirement benefits, "[p]etitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and respondent's determination in that regard will be upheld if supported by substantial evidence" (Matter of Mitchell v DiNapoli, 154 AD3d 1029, 1030 [2017] [internal quotation marks and citations omitted]; see Matter of Bodenmiller v DiNapoli, 157 AD3d 1120, 1121 [2018]). Thus, petitioner must show that his injuries " were caused by sudden, unexpected events that were not risks inherent in [his] ordinary job duties" (Matter of [*2]Kelly v DiNapoli, 30 NY3d 674, 678 [2018]; accord Matter of Stancarone v DiNapoli, 161 AD3d 144, 146-147 [2018]).
During the hearing, petitioner testified that he responded to a May 2004 domestic dispute during which he restrained a man from behind to prevent him from further ascending a flight of stairs. According to petitioner, the man "kicked back," causing petitioner to fall down the stairs, onto the cement patio below, and then landed on top of him. Petitioner was unsure whether the man intended to push him, but acknowledged that he had restrained people in the past and that parties involved in domestic disputes can be expected to behave erratically. Petitioner also testified about a March 2012 house fire at which he arrived at the scene before firefighters and, after talking with bystanders outside the house, concluded that there might be a family inside. He entered the house and ultimately fell on the dark and "very smokey" basement staircase. Specifically, petitioner recalled that he lost his footing on one of the top three steps, "on some sort of debris," and fell "straight down on [his] back," sliding down several additional steps. Although petitioner indicated that the March 2012 incident was only the second time he entered a burning building, he acknowledged that it was appropriate for him to do so where lives were potentially in danger.
A police officer's duties include restraining disruptive individuals (see Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013]; Matter of Reynolds v DiNapoli, 97 AD3d 892, 893 [2012]) and responding to life-threatening emergencies (see Matter of Kelly v DiNapoli, 30 NY3d at 684-685; Matter of Lenci v DiNapoli, 92 AD3d 1078, 1079 [2012]). Further, tripping hazards concealed by smoke are an inherent risk associated with entering a burning building (see Matter of Witts v DiNapoli, 137 AD3d 1456, 1457 [2016]; Matter of Lassen v Hevesi, 9 AD3d 780, 780-781 [2004]). Accordingly, respondent's determination that the May 2004 and March 2012 incidents were not accidents under the Retirement and Social Security Law is supported by substantial evidence and will not be disturbed by this Court.
"In connection with any application for accidental or performance of duty disability retirement benefits, the applicant [also] bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (Matter of Maldari v DiNapoli, 160 AD3d 1323, 1324 [2018] [internal quotation marks and citations omitted]; see Matter of Byrne v DiNapoli, 85 AD3d 1530, 1531 [2011]). To that end, "respondent may consider whether proper medical treatment is reasonably and safely available to correct [the petitioner's] disability (Matter of Dingee v DiNapoli, 56 AD3d 876, 877 [2008]; accord Matter of Dee v DiNapoli, 154 AD3d 1042, 1043 [2017]).
John Mazella, a board-certified orthopedist, reviewed petitioner's medical records and examined his purported orthopedic injuries on behalf of the New York State and Local Police and Fire Retirement System. He concluded that petitioner's only present condition was a "[l]umbar strain and right sacroiliac sprain without radiculopathy" and that the March 2012 incident was "the competent producing cause of [this] condition," rather than a September 2006 incident during which petitioner twisted his ankle after stepping "on a grass covered hole."[FN1] Mazella opined that there was a reasonably safe medical treatment for petitioner's injury, namely "one or two local cortisone injections." To the extent that medical evidence in the record could lead to a different conclusion, it was respondent's providence to credit Mazella's rational and fact-based report, which constituted substantial evidence to support the denial of petitioner's applications for accidental and performance of duty disability benefits (see Matter of Dee v DiNapoli, 154 AD3d at 1044; Matter of London v DiNapoli, 153 AD3d 1106, 1108 [2017]).
Lastly, respondent concedes, and we agree, that the determination that petitioner's vertigo was not caused by an incident in the performance of his duties was not supported by [*3]substantial evidence. However, there is no medical evidence to support petitioner's claim that his vertigo was caused by the September 2006 accident. Accordingly, only the portion of respondent's determination denying petitioner performance of duty disability retirement benefits is annulled on this basis.
Egan Jr., Clark, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as denied petitioner's application for performance of duty disability retirement benefits; petition granted to that extent and matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.



Footnotes

Footnote 1: Respondent concedes that the September 2006 incident was an accident under the Retirement and Social Security Law.