Matter of Castellano v DiNapoli (2021 NY Slip Op 05148)





Matter of Castellano v DiNapoli


2021 NY Slip Op 05148


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

532656
[*1]In the Matter of Vito Castellano, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Colangelo, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, filed an application for accidental disability retirement benefits alleging that he was permanently disabled as the result of four incidents occurring between 2003 and 2014. The New York State and Local Police and Fire Retirement System denied petitioner's application upon the ground that the incidents in question did not constitute accidents within the meaning of Retirement and Social Security Law § 363. At the hearing and redetermination that followed, petitioner, who had been granted performance of duty disability retirement benefits, withdrew two of the four incidents, leaving the Hearing Officer to determine only whether the March 3, 2003 and/or July 7, 2007 incidents qualified as accidents. The Hearing Officer denied petitioner's application, finding that petitioner was engaged in routine employment duties at the times in question and that the hazards arising therefrom could have been reasonably anticipated. Respondent adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
As the party seeking benefits, "petitioner bore the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and [respondent's] determination in this regard will be upheld if supported by substantial evidence" (Matter of Harris v New York State & Local Retirement Sys., 191 AD3d 1085, 1085 [2021]; see Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1304 [2020]; Matter of Piatti v DiNapoli, 187 AD3d 1274, 1275 [2020]). As relevant here, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]; accord Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]). Thus, "an injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of McGoey v DiNapoli, 194 AD3d 1296, 1297 [2021] [internal quotation marks, brackets and citation omitted]; see Matter of Parry v New York State Comptroller, 187 AD3d at 1304; Matter of O'Mahony v DiNapoli, 157 AD3d 1107, 1108 [2018]).
With respect to the July 2007 incident, petitioner testified that he was providing support for a canine officer, who was attempting to track certain individuals through a wooded area. The canine led his handler and petitioner down a steep ravine that was covered with trees, vines, foliage and rocks. Petitioner negotiated this portion of the trek without incident. When the canine lost the scent, petitioner and [*2]the handler began walking back up the slope, at which point petitioner slipped and struck his knee on a large rock that was obscured by foliage. Petitioner testified that it was customary for a police officer to accompany a canine handler who was engaged in suspect apprehension, and he acknowledged that his regular patrol duties could require him to pursue suspects into a wooded area.
Petitioner admittedly was assisting in the pursuit of suspects, which clearly "is an ordinary employment duty of a police officer" (Matter of Melendez v New York State Comptroller, 54 AD3d 1128, 1129 [2008], lv denied 12 NY3d 706 [2009]; see Matter of Scofield v DiNapoli, 125 AD3d 1086, 1087 [2015]; see also Matter of Sweeney v New York State Comptroller, 86 AD3d 893, 893-894 [2011]). Additionally, having accompanied the canine handler down the slope of the ravine, petitioner was well aware of the terrain and could have reasonably anticipated the hazards posed thereby (see Matter of Roth v DiNapoli, 105 AD3d 1183, 1184 [2013]; see also Matter of Penkalski v McCall, 292 AD2d 735, 736 [2002]) — even if he did not see the offending rock prior to his fall (see generally Matter of Scofield v DiNapoli, 125 AD3d at 1087). Accordingly, substantial evidence supports respondent's finding that this incident did not constitute an accident.
We reach a contrary conclusion, however, regarding the March 2003 incident. Petitioner testified that, while patrolling his assigned area on the evening in question, he observed a group of youths congregating in a local parking lot. Consistent with his patrol duties, petitioner pulled into what he described as the poorly illuminated parking lot with the intention of instructing the group to disperse. As petitioner exited his vehicle, he slipped on what he later described as black ice and sustained injuries. Petitioner testified that, although it was cold and blustery at the time of his fall, it was not raining or snowing, and he did not recall any precipitation occurring in the days prior to the incident. As petitioner was focused on "[o]bserving the scene," he also did not recall looking down at the surface of the parking lot prior to exiting his patrol vehicle.
To be sure, "[a] slip and fall occasioned by a hazardous condition that could have been reasonably anticipated has been found not to be accidental" (Matter of Greco v DiNapoli, 123 AD3d 1366, 1367 [2014]) — particularly where, as here, the applicant admittedly was not focused upon the surface conditions underfoot (see id. at 1368; Matter of Sweeney v New York State Comptroller, 86 AD3d at 894). Similarly, there is no dispute that petitioner's routine duties as a police officer necessarily exposed him to, among other things, inclement weather and other challenging conditions, together with the ordinary risks attendant thereto (see Matter of Sikoryak v DiNapoli, 104 AD3d 1042, 1043 [2013]). That said, the record does not demonstrate either that it was actively precipitating [*3]at or near the time of petitioner's fall (compare Matter of Rosenbergen v DiNapoli, 144 AD3d 1384, 1385 [2016]; Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1068-1069 [2013], lv denied 21 NY3d 855 [2013]), that the remnants of prior episodes of precipitation were present in the parking lot (compare Matter of Larivey v DiNapoli, 168 AD3d 1178, 1179 [2019]; Matter of Ruggiero v DiNapoli, 85 AD3d 1282, 1283 [2011], lv denied 17 NY3d 711 [2011]; Matter of Kempkes v DiNapoli, 81 AD3d 1071, 1072 [2011]) or that the temperatures on the night in question were near or below freezing (compare Matter of Scofield v DiNapoli, 125 AD3d at 1087; Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015]). Absent some indication of meteorological conditions that would be amenable to the presence or formation of black ice, respondent's determination — that petitioner could have reasonably anticipated the slippery condition that he encountered at the time of his fall — is not supported by substantial evidence (see Matter of Murphy v New York State Comptroller, 92 AD3d 1022, 1023 [2012]). Accordingly, this portion of respondent's determination must be annulled. Petitioner's remaining arguments, including his assertion that he was denied due process as a result of the 18-month delay between the receipt of the parties' posthearing submissions and the issuance of the Hearing Officer's decision, have been examined and found to be lacking in merit (see Matter of Staley v New York State & Local Retirement Sys., 290 AD2d 721, 722 [2002]).
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as determined that the March 3, 2003 incident did not constitute an accident within the meaning of the Retirement and Social Security Law; petition granted to that extent and matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.