Matter of Voges v DiNapoli (2022 NY Slip Op 06521)

Matter of Voges v DiNapoli

2022 NY Slip Op 06521

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

533838
[*1]In the Matter of Kerri Voges, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:October 11, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Fisher, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.

Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
As petitioner, an operating room nurse at the Westchester County Medical Center, assisted in the performance of a surgery in January 2018, she was required to move a patient, allegedly sustaining injuries to her back and left hip in the process. Based upon these injuries, petitioner submitted an application for accidental disability retirement benefits, which was denied. Following a hearing, during which petitioner conceded she did not have 10 years of total service credit, the Hearing Officer upheld the denial as the injury was the result of a risk inherent in her employment duties and, therefore, not an accident within the meaning of Retirement and Social Security Law § 363. Respondent upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. As an applicant for accidental disability retirement benefits, "[p]etitioner bore the burden of establishing that her disability was the result of an accident within the meaning of the Retirement and Social Security Law, and the Comptroller's determination in this regard will be upheld if supported by substantial evidence" (Matter of Rizzo v DiNapoli, 201 AD3d 1098, 1099 [3d Dept 2022], affd ___ NY3d ___ [2022]; see Matter of Bohack v DiNapoli, 197 AD3d 1384, 1384 [3d Dept 2021]). "An injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Valente v New York State Comptroller, 205 AD3d 1295, 1296 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008]). "[T]he focus of the determination must be on the precipitating cause of injury, rather than on the petitioner's job assignment" (Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018] [internal quotation marks, brackets and citation omitted]). "Thus, an injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of Castellano v DiNapoli, 197 AD3d 1478, 1479 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Crone v DiNapoli, 201 AD3d 1260, 1261 [3d Dept 2022], lv denied 38 NY3d 910 [2022]).
Petitioner testified that she was assisting in a surgery when she was asked by the surgeon to aid in moving the patient, who was beginning to desaturate. Although there were usually many people in the operating room including the "turn over tech," who was responsible for the "heavy lifting," at the time of the injury, petitioner and the surgeon were the only persons in the room who could move the patient. According to petitioner, there was no time to wait for assistance and, therefore, [*2]she was required to move the patient or face repercussions for disobeying the request of the surgeon. Petitioner acknowledged that, although moving a patient "wouldn't be [her] first choice," and that she had never done so with only the help of the surgeon, she had no choice "[i]f there was no one else available."
Despite her reliance upon the written job description, there is no dispute that petitioner was engaged in the performance of her ordinary employment duties in that she was assisting in the performance of a surgery. The risk that an operating room nurse may be required to lift and reposition a patient while assisting in surgery is an inherent risk of that employment. Thus, substantial evidence supports respondent's finding that petitioner did not sustain her burden of proving that the incident constituted an accident within the meaning of Retirement and Social Security Law § 363 (see Matter of Schoales v DiNapoli, 132 AD3d 1184, 1186 [3d Dept 2015]; Matter of Little v DiNapoli, 85 AD3d 1273, 1275 [3d Dept 2011]; Matter of Sinclair v New York State & Local Retirement Sys., 42 AD3d 595, 596 [3d Dept 2007]).
Garry, P.J., Aarons, Pritzker and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.