Matter of Cazzari v DiNapoli (2024 NY Slip Op 00842)

Matter of Cazzari v DiNapoli

2024 NY Slip Op 00842

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-23-0765
[*1]In the Matter of Michael Cazzari, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Mackey, JJ.

Schwab & Gasparini, PLLC, White Plains (Victor Aqeel of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Mackey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
In 2020, petitioner, a police officer, applied for accidental disability retirement benefits alleging that in 2006 he injured his back while on duty when he moved boxes of road flares. Petitioner's application was denied and, following a hearing, a Hearing Officer upheld the denial of the application finding that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Respondent accepted the Hearing Officer's findings of fact and conclusions of law, prompting petitioner to commence this CPLR article 78 proceeding challenging respondent's determination.
We confirm. "As an applicant for accidental disability retirement benefits, petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and [respondent's] determination in that regard will be upheld if supported by substantial evidence" (Matter of McDermott v Gardner, 215 AD3d 1206, 1207 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Sammon v DiNapoli, 216 AD3d 1335, 1336 [3d Dept 2023]). In order to be entitled to accidental disability retirement benefits, petitioner was required to "demonstrate that [his] injuries were caused by sudden, unexpected events that were not risks inherent in [his] ordinary job duties" (Matter of Kelly v DiNapoli, 30 NY3d 674, 678 [2018]; see Matter of Castellano v DiNapoli, 197 AD3d 1478, 1479 [3d Dept 2021]). "Thus, an injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of Castellano v DiNapoli, 197 AD3d at 1479 [internal quotation marks and citations omitted]).
Petitioner was an administrative lieutenant working at the police headquarters at the time that he was injured and he testified that his duties included, among other things, being responsible for the facilities, station and substation, as well as all the equipment and deliveries at police headquarters, including receiving and organizing road flares delivered four times a year. Petitioner testified that a portion of the hallway was used for storage, including the storage of boxes containing the excess flares, and that he would periodically move and straighten stacked boxes stored in the hallway in order to keep the hallway neat and clear. On the day in question, a delivery of flares was made to the police headquarters, which was "dumped" in a stack in the hallway. Petitioner noticed that the boxes were partially blocking the hallway and creating a hazard, as they were blocking egress in the hallway and could possibly fall and injure someone. When petitioner then attempted to straighten and move the stack of boxes [*2]against the wall to make it more stable and realigned, the stack began to fall and, when he leaned forward to stop it, he felt pain in his back.
Despite petitioner's testimony that, unbeknownst to him, one of the boxes toward the bottom of the stack was partially empty and collapsed as the stack was being moved, he was still engaged in the performance of ordinary duties in moving the boxes in order to properly store the flares and maintain a clear hallway. Further, petitioner was aware of the risk that the unsupported stack could fall over. Even if the partially empty box increased those odds, the risk that the stack could fall when moved was inherent in the work he was performing in organizing and moving the boxes of flares. As such, substantial evidence supports respondent's finding that petitioner did not sustain his burden of establishing that the incident consisted of a sudden, unexpected event not inherent in his job duties so as to constitute an accident within the meaning of Retirement and Social Security Law § 363 (see Matter of Kelly v DiNapoli, 30 NY3d at 684-685; Matter of Voges v DiNapoli, 210 AD3d 1248, 1250 [3d Dept 2022], lv denied 39 NY3d 916 [2023]; Matter of Schoales v DiNapoli, 132 AD3d 1184, 1186 [3d Dept 2015]).
Egan Jr., J.P., Clark, Lynch and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.